WILLIAM C. WHYTE AND JOHN T. ROWLAND, PLAINTIFFS IN ERROR, v. PATRICK McGOVERN, ADMINISTRATOR OF JAMES McLAUGHLIN, DECEASED, DEFENDANT IN ERROR.

1. A discharge in bankruptcy obtained before judgment in a pending suit must be pleaded in that suit, and cannot avail the debtor in any subsequent proceeding upon the judgment, for the reason that the judgment record, on technical grounds, is conclusive as to all antecedent defences.

2. A discharge obtained after judgment on a petition filed before or pending the suit, may be made available on motion to set aside the execution, or in *scire facias*, or an action upon the judgment.

3. A discharge in bankruptcy is an extinguishment of the debt, liability or demand to which it applies. Nothing less than an express promise to pay can renew or revive the bankrupt's liability, and, by statute, the promise must be in writing and signed by him.

4. A debtor filing a petition in bankruptcy pending a suit against him for a debt provable in bankruptcy, may obtain a stay of proceedings in the suit; but he is under no obligation to do so. He may allow the suit to proceed to judgment without forfeiting his right to avail himself of his discharge, if he shall subsequently obtain it.

5. He may, in such a case, apply to the court to cancel the judgment upon the record as a standing menace to his property or a cloud upon title; but he is under no obligation to do so. It is sufficient if he makes his discharge a defence as soon as the plaintiff moves to enforce his judgment.

On writ of error to Hudson Circuit.

White and Rowland, in 1867, began a suit in the Hudson Circuit against James H. McLaughlin upon an account, in which they recovered a judgment on February 11th, 1869. Pending this suit, to wit, on the 30th day of May, 1868, McLaughlin filed a petition in bankruptcy in the District Court of the United States for New Jersey, and, on the 25th of May, 1869, obtained a discharge. No application was made to stay the plaintiffs' suit pending the proceedings in bankruptcy.

McLaughlin died June 18th, 1887, and McGovern was appointed his administrator. On the 8th of March, 1888, the plaintiffs sued out a writ of *scire facias* to revive the judgment against the administrator, and to have execution thereon. To this suit the administrator pleaded the discharge of McLaughlin in bankruptcy. On demurrer the plea was sustained.

Argued at February Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs in error, *Bedle, Muirheid & McGee.*

*Contra, Isaac S. Taylor.*

The opinion of the court was delivered by

DEPUE, J. The debt for which the plaintiffs' judgment was recovered was such a debt as might have been proved against the debtor's estate in bankruptcy, and the legal effect of the discharge was to release and discharge the debtor from all liability therefor. *Rev. Stat. U. S.,* § 5119.

For some purposes the original debt is merged in the judgment, and the judgment, for technical reasons, precludes the examination behind the record for the purposes of examining into the validity of the debt, the judgment record being conclusive as to all antecedent defences. Hence, if the discharge be obtained in season to be placed in the original suit, failure to plead it as a defence is a waiver, and the discharge cannot avail the debtor in any proceedings upon the judgment. *Dimock* v. *Revere Copper Co.,* 117 *U. S.* 559; *Bradford* v. *Rice,* 102 *Mass.* 472. But the judgment is not a new debt. The essential nature and quality of the cause of action are not changed by the judgment upon it, and there being no estoppel springing from the record, if the cause of action was such as in its original condition, to be provable in bankruptcy, it still remains the same for the purpose of such proof, and is extinguished by the debtor's discharge obtained

subsequent to the judgment. *Boynton* v. *Ball,* 121 *U. S.* 457, 467; *Wisconsin* v. *Pelican Ins. Co.,* 127 *Id.* 292, 293. Hence, a discharge obtained after judgment recovered may be made available on motion to set aside the execution, or in *scire facias* to revive the judgment, or in an action upon it. *Boynton* v. *Ball, supra; Linn* v. *Hamilton,* 5 *Vroom* 305; *McDonald* v. *Davis,* 105 *N. Y.* 508.

The plaintiffs' counsel is constrained to concede that a discharge after judgment may be made available to the debtor, but he claims that in this case the benefit of the discharge has been lost by *laches.*

*First.* The petition in bankruptcy was filed pending the plaintiffs' suit, and no application was made for a stay of proceedings in that suit. It is insisted that the defendant was in laches in not applying for a stay of proceedings. A debtor filing a petition in bankruptcy pending a suit against him for a debt provable in bankruptcy, may obtain a stay of proceedings in the suit, to await the determination of the court in bankruptcy on the question of his discharge. *Hill* v. *Harding,* 107 *U. S.* 631. But the debtor is under no obligation to apply for a stay of proceedings. He may allow the suit to proceed to judgment without forfeiting his right to avail himself of his discharge in bankruptcy, if he shall subsequently obtain it. It has been so adjudged in this court, and also in the Supreme Court of the United States. *Williams* v. *Humphreys,* 21 *Vroom* 500; *Boynton* v. *Ball, supra.*

*Second.* The judgment was recovered February 11th, 1869; the discharge in bankruptcy was obtained May 25th, 1869. No effort was made to give efficacy to the discharge against the debt until the discharge was pleaded to this *scire facias,* in March, 1888. The plaintiffs contend that in such cases, if the discharge be obtained after the judgment is entered, the only relief the debtor has is by application to the court in which the judgment was recovered to open the judgment and allow the discharge to be pleaded in the suit.

If this contention is sound, a debtor's discharge in such circumstances is put under subjection to judicial discretion,.

not reviewable by writ of error; and if the discharge be obtained after the lapse of such an interval of time that, by the law and practice of the court, the judgment cannot be opened, the debtor is remediless. In fact, the counsel pushes his argument to that extremity. He says, that when the discharge was pleaded such an interval had elapsed that the court was by law debarred from opening its judgment, and, therefore, he urges, that the defendant is entirely without remedy. Such a procedure would not harmonize with those legal principles that determine the conduct of a suit at law. A discharge in bankruptcy granted after judgment is not a defence which arises or comes into existence pending the suit. It is a defence that gets its life from the *fiat* of the bankruptcy court; and when the discharge is granted after judgment, the defence is wholly non-existent when the judgment is signed. The effect the discharge has upon the judgment is that which is given to it by relation under the provisions of the Bankruptcy law. If the procedure contended for must be applied to a discharge upon a petition filed pending the suit, in principle it must also be applied when the petition is filed after judgment.

*Dimock* v. *Revere Copper Co., supra,* which was much relied upon by plaintiffs' counsel, has no relevancy to this question. The discharge in that case was obtained before the judgment was entered, and the ruling of the court was, that the determination by the judgment of the existence of the debt at the time the judgment was signed was conclusive, and that the only means the defendant had of avoiding the estoppel of the judgment was by application to the court to open the judgment and let in the antecedent defence. In Boynton *v.* Ball, and Williams *v.* Humphreys, a defendant was allowed to avail himself of a subsequent discharge as against proceedings on the judgment, although the petition in bankruptcy was filed before judgment; and in Williams *v.* Humphreys, the petition was filed pending the suit. These cases were sharply contested, and no intimation was made by court or counsel that relief could be had only upon opening the

original judgment. In *McDonald* v. *Davis*, 105 *N. Y.* 508, the suit was in New York on a judgment recovered in California. The defendant, after the judgment, obtained a discharge in bankruptcy on a petition filed pending the suit. He had obtained a stay of proceedings in the action which, by reason of his neglect, had been vacated. To the suit on the judgment the defendant pleaded his discharge. The court held that the discharge operated upon the judgment, and was a good defence to the action, and that, as the discharge was not in existence at the time of the rendition of the judgment, it was not necessary to apply to the court in which the judgment was rendered for leave to set it up; that it was competent to interpose it as a shield in any action or proceeding taken to enforce a judgment.

Nor can the defendant be excluded from this defence by reason of laches in not having brought forward his defence until this late day. He might have applied to the court to expunge the judgment from the record as an encumbrance which had been extinguished and remained as a standing menace to his property or a cloud upon title. But he was under no obligation to do so. A discharge in bankruptcy, unlike the bar of the statute of limitations, is a positive extinguishment of the debt, liability or demand to which it applies. Nothing less than an express promise to pay can renew or revive the bankrupt's liability, and, by statute, the promise must be put in writing and signed by the party to be charged therewith. *Rev.*, *p.* 446, § 9. The liability of a bankrupt for a debt from which he has been discharged cannot be renewed by implication.

The defendant made the defence as soon as the plaintiffs moved to enforce their judgment, and in setting up the discharge as an answer to this suit the defendant was craving no indulgence from the court; he was simply availing himself of a defence secured to him by law.

The judgment of the Circuit, sustaining the defendant's plea, should be affirmed.