IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, APRIL TERM, 1892.

LOCHEIMER *v.* STEWART.

(*Jackson.*   April 7, 1892.)

BANKRUPTCY.   *Effect of discharge.*

During the interval between the bankrupt's application and discharge, his creditor obtained judgment against him for a debt existing at date of his application, and provable, though never proved, in the bankruptcy proceedings.   To the creditor's suit upon this judgment, brought after his discharge, the bankrupt interposed his discharge as a bar.

*Held:* The discharge is an effectual bar to the suit.

25—7 P

Locheimer *v.* Stewart.

Cases cited and approved: Dick *v.* Powell, 2 Swan, 632; Stratton *v.* Perry, 2 Tenn. Ch., 633; 121 U. S., 457.

FROM MADISON.

Appeal in error from Circuit Court of Madison County. ·Levi S. Woods, J.

John L. H. Tomlin and M. B. Gilmore for Locheimer.

W. M. McCall and E. L. Bullock for Stewart.

Snodgrass, J. The question in this case is, whether a discharge in bankruptcy can be plead in bar of a suit upon a judgment obtained in a State Court on a claim provable in bankruptcy before the discharge but after commencement of bankrupt proceedings.

The petition in bankruptcy was filed in 1878, but the discharges of defendants Stewart & Oliver were not obtained until 1887–88.

In the meanwhile, on April 30, 1881, Locheimer Bros., creditors of the firm of Stewart & Oliver when bankrupt proceedings were instituted, had taken judgment on their claim (which was one provable in bankruptcy) before a ·Justice of the Peace.

They brought this suit on that judgment April 27, 1891, before a Justice of the Peace, lost, and appealed to the Circuit Court. The Circuit Judge sustained the plea, and rendered judgment in favor of defendants, and plaintiffs appealed in error.

The judgment is correct. It is in accordance with the holding of this Court in a case arising under the bankrupt law of 1841 (*Dick & Co.* v. *Powell*, 2 Swan, 632), and with the persuasive view taken by Judge Cooper, on full consideration of authorities, after the bankrupt act of 1867. *Stratton* v. *Perry*, 2 Tenn. Ch., 633.

The application, correctness, and authority of these cases are earnestly contested by plaintiffs, but the question has been conclusively settled as then held by the Supreme Court of the United States. *Boynton* v. *Ball*, 121 U. S., 457 (Law. Co-op. Ed., Book 30, p. 985). In that case, taking jurisdiction of it as a Federal question, the Supreme Court so decided, reversing the judgment of the Supreme Court of Illinois to the contrary.

We concur in the opinion expressed by the Supreme Court of the United States on the merits of the question; but if we did not, we would be constrained to follow it, as that Court exercises in this class of cases a revisory jurisdiction.

Let the judgment be affirmed with costs.