GORDON BADGER *vs.* JORDAN MARSH COMPANY.

Suffolk.   March 2, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bankruptcy,* Discharge. *Equity Jurisdiction,* To enjoin enforcement of execution barred by discharge in bankruptcy.

The mere fact, that a defendant in an action at law in the Municipal Court of the City of Boston did not plead an adjudication in bankruptcy and procure a continuance of the proceedings there, pending determination of a petition for a discharge in bankruptcy, does not preclude

the bankrupt after he has procured his discharge from maintaining a bill in equity to enjoin the enforcement of an execution issued against him in the action at law, if it appears that the claim of the plaintiff in the action at law was listed in the bankruptcy schedules, that the plaintiff had notice of the bankruptcy proceedings and that his claim was a provable claim subject to the bar of a discharge in bankruptcy which the debtor might procure; there being no means at law of staying temporarily or permanently the execution of the judgment of the Municipal Court.

BILL IN EQUITY, filed in the Superior Court on November 6, 1925, and described in the opinion.

A demurrer by the defendant was heard by *Morton*, J., and was overruled. The judge reported the suit for determination of the correctness of such interlocutory order under G. L. c. 214, § 30.

*J. B. Zuckernik*, for the defendant, submitted a brief.

*R. B. Owen*, for the plaintiff.

PIERCE, J.    This suit comes before this court on report of a judge of the Superior Court after an interlocutory order overruling the defendant's demurrer to the bill of complaint.

In substance, the bill sets forth that the defendant brought two actions against the plaintiff in the Municipal Court of the City of Boston; that both writs were dated May 9, 1924, and were returnable into said court on May 31, 1924; that on or about June 4, 1924, a petition in bankruptcy was filed against the plaintiff in the District Court for the District of Massachusetts; that on June 4, 1924, the plaintiff was adjudicated a bankrupt; that in the schedules filed by the plaintiff in said bankruptcy proceedings, there appeared all the claims of the defendant against him, and the defendant was duly notified of the plaintiff's bankruptcy in accordance with the practice of said court; that on June 6, 1924, a judgment on each of the two actions aforesaid was entered on behalf of the defendant and execution issued thereon; that on February 25, 1925, the plaintiff received his discharge in bankruptcy in the District Court for the District of Massachusetts; that on July 31, 1925, the defendant started poor debtor proceedings against the plaintiff, in the Municipal Court for the Charlestown District; that a citation issued returnable August 12, 1925, and proceedings in that court

have been continued from time to time up to the filing of the bill of complaint.

The prayers of the bill are (1) "That the defendant be perpetually enjoined from taking any steps to enforce the judgments aforesaid in any way, including the continuance of the poor debtor proceedings, and that a temporary injunction may issue to that effect"; and (2) ". . . for such other relief as to this court may seem just and equitable."

The defendant demurred to the bill of complaint and assigned as grounds therefor the following: (1) "It does not appear by said bill of complaint that the plaintiff suggested his bankruptcy proceedings to the Municipal Court of the City of Boston in either of the actions brought therein against him, or that he filed motions therein to continue such actions to await the determination of the bankruptcy proceedings so far as the same related to his discharge therein, or that he took any action in said Municipal Court of the City of Boston after he had obtained his discharge in bankruptcy to obtain a stay of the executions issued in said actions or either of them"; (2) "The plaintiff has not set out in said bill a cause of action as to which he is entitled to relief in equity"; and (3) "It appears by said bill that the plaintiff has a full, complete and adequate remedy at law."

The order that the demurrer be overruled was right. The debt of the plaintiff to the defendant in each action was a provable claim against the estate of the plaintiff, was scheduled by the bankrupt, and the defendant was duly notified of the bankruptcy of the plaintiff in accordance with the practice of the District Court for the District of Massachusetts. The character of the liability of the plaintiff to the defendant was not lost by being reduced to judgment. *Lee* v. *Tarplin*, 194 Mass. 47. *Brown* v. *Hannagan*, 210 Mass. 246. *Boynton* v. *Ball*, 121 U. S. 457, 467.

In each action the cause of action was founded upon a claim from which a discharge in bankruptcy would be a release. These actions upon the filing of an answer setting up the adjudication and praying a continuance to await the termination of the proceedings in the bankruptcy court, in the discretion of the judge of the Municipal Court could have been

stayed, but the judge was not bound so to order, and had jurisdiction to proceed to judgment. Bankruptcy Act, July 1, 1898, c. 541, 30 U. S. Sts. at Large, 549, 562, §§ 11a, 63a, cl. 5. *Boynton* v. *Ball, supra. Berry Clothing Co.* v. *Shopnick*, 249 Mass. 459, 463. But the defendant in those actions was under no duty to make an appropriate application to the court, before judgment in that court, to have the proceedings there stayed to await the determination of the court in bankruptcy on the question of his discharge. As said in *Boynton* v. *Ball, supra,* "He may be willing that the suit shall proceed in the State court for many reasons; first, because he is not sure that he will ever obtain his discharge from the court in bankruptcy, in which case it would do him no good to delay the proceedings at his expense in the State court; in the second place, he may have a defence in the State court which he is quite willing to rely upon there, and to have the issue tried; and in the third place, he may be very willing to have the amount in dispute liquidated in that proceeding, in which case it becomes a debt to be paid pro rata with his other debts by the assignee in bankruptcy. If for any of these reasons, or for others, he permits the case to proceed to judgment in the State court, by failing to procure a stay of proceedings under the provisions of . . . the bankruptcy law, or the assignee in bankruptcy does not intervene as he may do, *Hill* v. *Harding*, 107 U. S. 631, he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the State court. And if, as in the present case, his final discharge is not obtained until after judgment has been rendered against him in the State court, he may produce that discharge to the State court and obtain the stay of execution which he asks for now." *Huntington* v. *Saunders*, 166 Mass. 92, 94. *Cavanaugh* v. *Fenley*, 94 Minn. 505. *Locheimer* v. *Stewart*, 91 Tenn. 385. The cases of *Lane* v. *Holcomb*, 182 Mass. 360, 361, and *Herschman* v. *Justices of the Municipal Court*, 220 Mass. 137, 141, are not authorities for a denial of the relief sought.

We are unable to find any statute of this Commonwealth which gives authority to the Municipal Court of the City of

Boston to stay temporarily or perpetually the executions which issued on its judgments. The plaintiff has a defence at law to any actions which may be brought upon the judgments but has no adequate defence unless it be the writ of *audita querela* to stay the enforcement of the execution issued upon the judgments which were annulled by the discharge in bankruptcy. In these circumstances we are of opinion the enforcement of the judgments can properly be enjoined in equity. *Clark* v. *Rowling,* 3 N. Y. 216; 53 Am. Dec. 290. *McDonald* v. *Ingraham,* 30 Miss. 389.

The entry must be,

*Demurrer overruled.*