[Civ. No. 11493.   Second Appellate District, Division Two.—July 14, 1937.]

HARADEN PRATT, Appellant, v. F. E. FIELDS et al., Respondents.

Robert H. Dunlap for Appellant.

Irl D. Brett for Respondents.

CRAIL, P. J.—This is an appeal from an order of the superior court granting the motions of the defendants to recall and quash a writ of execution and to set aside levy of execution and discharging the judgment theretofore rendered in said case in favor of the plaintiff and against the defendants.

After due notice a default was entered against the defendants. On the next day the defendants filed in the United States District Court their voluntary petition in bankruptcy and scheduled this action among others. The defendants did not file any pleading or motion or make any suggestion to the superior court of the pendency of the bankruptcy proceedings. Eighty days later the plaintiff obtained judgment on the default. The defendants made no motion to vacate the judgment within the six months' period prescribed by section 473 of the Code of Civil Procedure, but they did not obtain their discharge in bankruptcy until several months later. Execution was issued after four years. Thereupon defendants moved to recall the writ of execution and to discharge and cancel the judgment, and the motion was granted.

The contention of the plaintiff is that the defendants, having failed to plead their discharge in bankruptcy and having failed to avail themselves of the provisions provided by section 11 of the Bankruptcy Act and having failed to move to set aside the default or the judgment within the time permitted by section 473 of the Code of Civil Procedure, the order must be reversed.

The authorities throughout the United States hold to the contrary. (*Boynton* v. *Ball*, 121 U. S. 457, 467 [7 Sup. Ct. 981, 30 L. Ed. 985]; *Jackson* v. *Shaw*, 20 Cal. App. (2d) 740 [68 Pac. (2d) 310]; *Craig* v. *Cameron*, 27 Ga. App. 455 [108 S. E. 828]; *Portwood* v. *Shafer*, 33 Ga. App. 421 [126 S. E. 556]; *Whyte* v. *McGovern*, 51 N. J. L. 356, 360 [17 Atl. 957, 959]; *Badger* v. *Jordan Marsh Co.*, 256 Mass. 153 [152 N. E. 92, 93]; *Cavanaugh* v. *Fenley*, 94 Minn. 505, 509 [103 N. W. 711, 713, 110 Am. St. Rep. 382]; *Locheimer* v. *Stewart*, 91 Tenn. 385, 386 [19 S. W. 21, 30 Am. St. Rep. 887].) "It is true defendant could have obtained from the

court below a stay of proceedings pending bankruptcy, but his failure in this respect is not fatal to his right to insist that effect be given to his discharge.'' *(Cavanaugh* v. *Fenley, supra.)* ''The bankrupt, after adjudication, could have procured a stay pending the obtaining of his discharge but he was under no duty to make such application to the court. He could permit the cause to go to judgment and if his final discharge was not obtained until after the judgment had been rendered against him in a state court, he may produce the discharge and obtain the stay of execution which he asks for.'' *(Badger* v. *Jordan Marsh Co., supra.)* Nor was this right of defendants affected by their delay until plaintiff sought to enforce his judgment. ''Nor can he be excluded from asserting his defense under his final discharge in bankruptcy by reason of laches in not having brought forward his defense until this late day. He made the defense as soon as plaintiff moved to enforce his judgment and in setting up the discharge he was craving no indulgence from the court. He was simply availing himself of a remedy secured to him by law.'' *(Whyte* v. *McGovern, supra.)*

Judgment affirmed.

Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 12, 1937.