**In re INNIS.**

**UNITED MERCANTILE AGENCIES, Inc.,**
**v. INNIS.**

No. 8385.

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1944.

Robert E. Clemence and Robert H. McKinney, both of Covington, Ind., for appellant.

Earl B. Barnes and Alan W. Boyd, both of Indianapolis, Ind. (Barnes, Hickam, Pantzer & Boyd, of Indianapolis, Ind., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner filed her voluntary petition in bankruptcy and was adjudicated bankrupt

on November 27, 1935. She included in her schedules a debt, due the Fowler Bank City Trust Company or its liquidator for an unpaid liability on 20 shares of stock at $100 per share. The bankrupt estate was closed without dividends early in 1936 and the bankrupt received a discharge on March 25 of that year. No trustee was appointed; no dividends were paid, and no proof of claim was filed.

Prior to institution of bankruptcy, on March 7, 1935, the liquidator had brought suit in the state court against petitioner and others to enforce their liability as stockholders, which was still pending at the time of the adjudication. To this complaint petitioner filed no plea; made no defense. Its prosecution was never enjoined. On October 27, 1939 petitioner was defaulted and judgment rendered against her. No appeal was taken. On April 23, 1942, the judgment was assigned to respondent.

On January 15, 1943 the bankrupt filed her supplemental petition to restrain respondent from selling on execution certain property acquired by her subsequent to bankruptcy, relying merely upon her discharge as sufficient to justify granting her petition. The case was tried upon stipulated facts including the foregoing and the additional recital that the judgment creditor had knowledge of the filing of the petition in bankruptcy and of the discharge before taking judgment. The court entered an order enjoining respondent from executing the judgment by levy, sale or otherwise. From this order respondent appeals.

 Upon the filing of a petition in bankruptcy the court is endowed with paramount authority under the Constitution over the bankrupt and his estate. Consequently it has power, pending the application for discharge, to restrain all suits against the debtor. The better order of procedure is, first, to direct the attention of the court in which a suit is pending to the bankruptcy proceedings and to ask it to stay the suit until the application for discharge shall have been determined. A due sense of comity between state and federal courts dictates that the application should thus first be made to the state court. If proper relief is not granted there, the bankruptcy court, under its constitutional jurisdiction, may enjoin the prosecution.

Here no application was made to either the state court or to the district court to stay the state proceeding. That cause remained on the docket against stockholders, including petitioner, who were sought to be subjected to the statutory liability, for some three years. Petitioner, though she had received her discharge, filed no pleading and permitted judgment to be rendered against her. She charges no fraud, coercion, duress or other fact which would justify the intervention of a court of equity but grounds her petition for relief solely upon the fact that she believed that the discharge automatically worked an effectual disposition of the cause pending in the state court and that no further action was necessary upon her part.

 In this situation we think she can be accorded no relief. As announced in Dimock v. Revere Copper Co., 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994, the state court had acquired jurisdiction of the parties and of the subject matter. It was "competent to administer full justice" and was proceeding according to the law which governed such suits. It was not compelled to take judicial notice of the proceeding in bankruptcy in another court, however seriously that proceeding might affect the rights of the parties to the suit already pending. It was the duty of the state court to proceed to judgment between the parties unless, by some proper pleading, it was informed of the changed relation of any of the parties to the suit's subject matter. As there said, if the bankrupt had brought her discharge to the attention of the state court at any time before judgment it would have had to be received as a bar to the action. She had a right to show that the debt had been paid, released or otherwise satisfied and, if she did not do so, she can not be permitted to do so later in the absence of any ground for interposition of jurisdiction in equity. To the same effect is Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367. We agree with that court that it is elementary that the defendant in an action at law who has a valid defense which he has an adequate opportunity to interpose, is chargeable with negligence if he fails to set up this defense, in the absence of fraud, accident, coercion or duress, and that, for the same reason, he can not seek relief in equity against enforcement of a judgment on the ground which constituted his original defense.

■■ A court of equity treats all proceedings at law as valid and grants relief against the consequences thereof only because the rights acquired thereby can not be retained in good conscience. Freeman on Judgments, Fifth Edition, p. 2443, and cases there cited. To afford relief a plaintiff must show fraud, duress, coercion or other ground for relief in equity. Idem (p. 2464). A court of equity does not interfere on the ground that injustice has been done, that a judgment is wrong in fact or law or that its enforcement will work a great hardship, unless the complaining party was, without his fault, deprived of his opportunity to present his defense on the merits. Rather, the rule permitting parties to appeal to equity against a judgment is of "great strictness and inflexibility," for, otherwise, the jurisdiction of that court would soon supplant all other tribunals. Chancery will intervene, therefore, only when the complainant was prevented from presenting a meritorious defense by the inequitable conduct of his adversary unmixed with negligence or fault on his own part; he must abide the consequences of his own neglect. Idem pp. 2516, 2517, 2518 and 2519 and cases cited.

■■ A discharge is neither a payment nor an extinguishment of a debt. When properly pleaded, it is a bar to the enforcement of an existing debt by legal proceedings and, thus, it amounts merely to a personal defense which is waived if the debtor chooses not to avail himself of it. A discharged debt may be renewed by a new promise and, even though a state court is advised of a discharge, in the absence of a plea setting up the defense, it has a right to assume either that the bankrupt has renewed his debt by a new promise or that, by his silence, he tacitly exhibits an intent to waive the defense. We know of no basis upon which a court of equity can relieve a defendant from liability because of his failure to plead a personal defense where no ground for the intervention of equity is presented.

It is said that the bankruptcy court, as such, having jurisdiction of the bankrupt and her estate, should restrain any and all acts that interfere with its administration. This is undoubtedly the law, but the principle is not applicable to the facts before us. If judgment had been obtained prior to bankruptcy, in view of the fact that the bankrupt scheduled it and later obtained a discharge, the court of bankruptcy would have been justified in restraining the execution, for, in such instance, the discharge would have put an end to the debt in the form of judgment. Then, too, where a suit is pending, its continuation may be enjoined by the bankruptcy court. But in the absence of any stay of the proceeding, either by the state court on motion or by the mandatory direction of the bankruptcy court, inasmuch as the demand is permitted to remain in existence, in due course of litigation, the discharge of the bankrupt, being personal to him, must necessarily be submitted to the court which is proceeding in its normal functions to enforce a legitimate demand. This is not a factual situation demanding the intervention of the bankruptcy court to protect its paramount jurisdiction. It is rather a case where the bankruptcy court has proceeded to exhaust its jurisdiction and, in due course, to grant a discharge to the debtor, which, as a matter of congressional favor, she is permitted to file in pending suits or in suits later instituted as a bar to their further prosecution. Thereafter the protection of the right granted her is a matter for her care and attention.

In this respect the case is far removed from such cases as Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. That had to do with the validity of an injunction, approved by this court in Local Loan Co. v. Hunt, 7 Cir., 67 F.2d 998, restraining, during bankruptcy, the institution and prosecution of suits based upon assignments of wages. There, there was in fact an application for a restraining order against the prosecution of the suits, as there might have been in this case. There jurisdiction to enter the order was approved. Here the application was not made and any question as to what the court might have done in the way of restraining the suit in the state court, had it been made, is wholly beside the point. The whole issue revolves about one fact,— the debtor's failure to invoke the remedies to which she was entitled.

Holmes v. Rowe, 9 Cir., 97 F.2d 537, relied upon by petitioner, likewise, is to be distinguished on the facts. Ground for equitable relief existed there, for the evidence disclosed that at the time bankrupt filed his petition in bankruptcy, his creditor advised him that a judgment had already been entered in the state court. If that had

been true, the judgment would have been discharged by the bankruptcy, but it was not true and the bankrupt was deceived by something asserted to be a fact which was not a fact, the existence or non-existence of which very materially affected his legal rights. Consequently the court of equity properly intervened to grant relief from a judgment at law obtained thereafter because of the deception practiced by the judgment creditor. This was relief from fraud.

The judgment is reversed with directions to proceed in accord with the announcements of this opinion.