**HOUSEHOLD FINANCE CORPORATION, Appellant,**

v.

**Paul Audley DUNBAR, Bankrupt, Appellee.**

**In the Matter of Paul Audley DUNBAR, Bankrupt.**

**No. 5948.**

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1958.

J. Francis Hesse and Malcolm C. Black, Wichita, Kan. (W. D. Jochems, Wichita, Kan., was with them on the brief), for appellant.

No appearance for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

---

3. Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761.

PHILLIPS, Circuit Judge.

Household Finance Corporation[1] has appealed from a judgment of the United States District Court for the District of Kansas permanently enjoining Finance from attempting in any manner to enforce a judgment rendered by the Court of Common Pleas of Sedgwick County, Kansas, in favor of Finance and against Dunbar on December 10, 1957, requiring Finance to dismiss a garnishment proceeding instituted on said judgment against Dunbar's employer, the Boeing Airplane Company, and permanently enjoining Finance from instituting or prosecuting any garnishment proceeding upon such judgment.

On October 31, 1957, Finance instituted the action in which such state court judgment was rendered, by filing a bill of particulars in which Finance alleged that on April 5, 1956, for a valuable consideration, Dunbar made and delivered to Finance his promissory note, whereby he promised to pay Finance $304.94, plus interest at 3% per month on the first $300 of the unpaid principal balance for a period not to exceed 30 months and interest at 5/6% per month thereafter; that Finance was the owner and holder of the note; that after allowing all payments or other credits there was a balance due, owing and unpaid of $279, plus interest at 3% per month from September 22, 1956, until October 5, 1958, and at 5/6% per month thereafter; that such promissory note was a liability for obtaining money and property by false pretenses and false representations, in that Finance made the loan and accepted the promissory note in "reliance upon and belief in" a representation made by Dunbar to it that he had no other debts than those aggregating $1,301.55, described in a financial statement submitted by Dunbar to Finance to induce the making of such loan and the acceptance of such note, whereas in truth and in fact Dunbar was then indebted in amounts aggregating more than $2,386.-49.

Finance prayed for judgment for $279.39, with interest thereon at 3% per month from September 22, 1956, until October 5, 1958, and with interest thereon at 5/6% per month thereafter.

Summons was issued on October 31, 1957, but returned unserved on November 1, 1957. On November 18, 1957, alias summons was issued and the return thereon shows it was served on Dunbar on November 19, 1957.

On October 18, 1956, Dunbar filed his petition in involuntary bankruptcy in the United States District Court for the District of Kansas and was duly adjudged a bankrupt.

In his schedules he listed as an unsecured claim the debt owing to Finance, evidenced by such note. An order of discharge was entered in the bankruptcy proceeding on October 1, 1957, before the state court action was instituted and 70 days before the judgment was entered in such action. Dunbar did not appear in the state court action and the judgment above referred to was entered by default. The judgment in part read:

"And hearing the evidence and argument of counsel the Court finds that defendants are indebted to plaintiff in the sum of Four Hundred and no/100 ——— Dollars, for promissory note * * *

"It is therefore considered, ordered and adjudged that plaintiff have and recover of and from defendants * * * the sum of $400.00 Dollars, with interest thereon from this date at the rate of * * * per cent per annum and costs of this suit herein taxed at $9.38, Sub Costs $14.29 Total $23.67 Dollars, and hereon let execution issue."

Finance instituted garnishment proceedings on the judgment against Dunbar's employer, Boeing Airplane Company. Dunbar filed a motion in the state court asking a stay of proceedings to enforce the judgment. His motion was overruled on March 11, 1958. Boeing

---

1. Hereinafter called Finance.

was served in the garnishment proceeding on March 5, 1958. On March 14, 1958, the Federal court entered an order restraining Finance from enforcing its state court judgment until the further order of the court.

From the foregoing it will appear that the action in the state court was instituted after the adjudication in bankruptcy and the order of discharge, and that a period of 70 days intervened between the order of discharge and the default judgment, during which Dunbar could have set up the order of discharge as a bar to the state court action.

■ It was settled in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 that a bankruptcy court has jurisdiction in an ancillary proceeding to protect and enforce its order of discharge by enjoining the prosecution of actions brought against the bankrupt debtor.[2]

Pleading the discharge in the state court action as a bar or as ground for a stay may not afford an adequate remedy to the bankrupt.[3]

In the judgment granting the permanent injunction the Federal court stated:

"* * * the court having heard the pleadings, the evidence, and arguments of counsel, and upon due consideration thereof it appearing to the court that the bankrupt debtor's state remedy would involve such a degree of trouble, embarrassment, long and expensive course of litigation and possible loss of employment to make it valueless and inadequate so as to constitute special and unusual circumstances in this case, and further that decree No. 41115 entered by the Court of Common Pleas of Sedgwick County, Kansas, on December 10, 1957, in favor of the Household Finance Corporation and against this bankrupt debtor, is not a valid default fraud judgment as the record does not show facts pleaded or proved with sufficient particularity, the court finds that the bankrupt debtor should be granted the relief prayed for in his motion for a permanent injunction against the Household Finance Corporation restraining it from enforcing in any manner said default judgment."

It seems clear to us that regardless of the allegations with respect to the alleged false financial statement in the bill of particulars filed in the state court action, such action was brought on the note; sought judgment on the note with interest thereon according to the terms of the note; judgment was rendered on the note for the balance of the principal thereof, with interest thereon according to the tenor of the note; and that neither the action brought nor the judgment rendered was for fraud and deceit. This, we think, was clearly manifested by the allowance of interest in accordance with the tenor of the note, rather than legal interest for damages, if any, suffered by the alleged fraud.

In Remington on Bankruptcy, 6th Ed., Vol. 8, § 3240, p. 70, it is stated:

"A discharge in bankruptcy is a defense against liability only where properly pleaded and proved. It is a purely personal defense, therefore capable of waiver and considered as waived unless properly set up and insisted upon."

The author cites many state court decisions in support of the text.

In Personal Industrial Loan Corporation v. Forgay, 10 Cir., 240 F.2d 18, 19, this court said:

"* * * a general discharge in bankruptcy does not wipe out the debt, it only raises a bar to actions thereon in state courts and must be

2. See also: Personal Finance Co. of Colorado v. Day, 10 Cir., 126 F.2d 281, 282; State Finance Co. v. Morrow, 10 Cir., 216 F.2d 676, 679; Personal Industrial Loan Corp. v. Forgay, 10 Cir., 240 F.2d 18.

3. See State Finance Co. v. Morrow, 10 Cir., 216 F.2d 676, 680; Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 859, 77 A.L.R. 956; Holmes v. Rowe, 9 Cir., 97 F.2d 537, 540.

pleaded and, if not pleaded, is waived and in such a case a judgment in the state court is res judicata and is binding on the federal court. * * * "[4]

In the case of In re Innis, 7 Cir., 140 F.2d 479, the bankrupt filed her voluntary petition in bankruptcy and was adjudicated a bankrupt on November 27, 1935. She included in her schedules a debt to the Fowler Bank City Trust Company or its liquidator for unpaid liability on 20 shares of stock at $100 per share. On March 25, 1936, an order of discharge was duly entered.

Prior to the institution of the bankruptcy proceedings and on March 7, 1935, the liquidator for the bank brought a suit in the state court against Innis and others to enforce their liability as stockholders. The state court action against the stockholders, including Innis, remained on the state court docket for approximately three years and long after Innis received her discharge. Innis filed no plea and made no defense of the state court action. Neither did she seek to have such action stayed. On October 27, 1939, she was defaulted and judgment was rendered against her. She took no appeal from the judgment. The judgment in the state court was assigned to United Mercantile Agencies, Inc.

On January 15, 1943, Innis filed a supplemental petition in the bankruptcy court to restrain United Agencies from selling on an execution issued on the judgment certain property acquired by her subsequent to the bankruptcy. She alleged no fraud, but based her ground for relief [140 F.2d 480] "solely upon the fact that she believed that the discharge automatically worked an effectual disposition of the cause pending in the state court and that no further action was necessary upon her part." The bankruptcy court entered an order enjoining United Agencies from executing the judgment by levy, sale, or otherwise.

The Court of Appeals of the Seventh Circuit reversed. It cited Helms v. Holmes, supra, with approval. In its opinion, it in part said:

" * * * A court of equity does not interfere on the ground that injustice has been done, that a judgment is wrong in fact or law or that its enforcement will work a great hardship, unless the complaining party was, without his fault, deprived of his opportunity to present his defense on the merits. Rather, the rule permitting parties to appeal to equity against a judgment is of 'great strictness and inflexibility,' for, otherwise, the jurisdiction of that court would soon supplant all other tribunals. Chancery will intervene, therefore, only when the complainant was prevented from presenting a meritorious defense by the inequitable conduct of his adversary unmixed with negligence or fault on his own part; he must abide the consequences of his own neglect. * * *

"A discharge is neither a payment nor an extinguishment of a debt. When properly pleaded, it is a bar to the enforcement of an existing debt by legal proceedings and, thus, it amounts merely to a personal defense which is waived if the debtor chooses not to avail himself of it. * * *

" * * * If judgment had been obtained prior to bankruptcy, in view of the fact that the bankrupt scheduled it and later obtained a discharge, the court of bankruptcy would have been justified in restraining the execution, for, in such instance, the discharge would have put an end to the debt in the form of judgment. Then, too, where a suit is pending, its continuation may be enjoined by the bankruptcy court. But in the absence of any stay of the proceeding, either by the state

4. See also: Helms v. Holmes, 4 Cir., 129 F.2d 263, 266, 141 A.L.R. 1367, cited with approval in the Forgay case, supra.

court on motion or by the mandatory direction of the bankruptcy court, inasmuch as the demand is permitted to remain in existence, in due course of litigation, the discharge of the bankrupt, being personal to him, must necessarily be submitted to the court which is proceeding in its normal functions to enforce a legitimate demand. This is not a factual situation demanding the intervention of the bankruptcy court to protect its paramount jurisdiction. It is rather a case where the bankruptcy court has proceeded to exhaust its jurisdiction and, in due course, to grant a discharge to the debtor, which, as a matter of congressional favor, she is permitted to file in pending suits or in suits later instituted as a bar to their further prosecution. Thereafter the protection of the right granted her is a matter for her care and attention."

The Court of Appeals distinguished Holmes v. Rowe, 9 Cir., 97 F.2d 537, in that in that case, at the time the petition in bankruptcy was filed, the judgment creditor falsely stated to the bankrupt that a judgment had already been entered in the state court action, when, in fact, no such judgment had been entered and thus deceived the bankrupt and led him not to plead his discharge in the state court action.

Personal Industrial Loan Corp. v. Forgay, supra, is likewise distinguishable.

5. Where a judgment has been entered on a provable claim, not within the exceptions in 11 U.S.C.A. § 35, prior to the order of discharge, the discharge constitutes a ground for restraining enforcement of judgment against the bankrupt.

In that case the default judgment in the state court was entered before the bankrupt obtained his discharge. The bankrupt had no opportunity to plead the discharge prior to judgment in the state court action.[5] He sought to appeal from the state court judgment and his appeal was dismissed. He sought to have the state court judgment vacated by a motion filed in the state court and his motion was denied. He then sought relief against the enforcement of the judgment in the Federal court.

State Finance Co. v. Morrow, supra, is likewise distinguishable. There, the action was brought in the Federal court to stay the proceedings in the state court, while the state court action was pending and no judgment had been entered in the state court action. The question in that case was whether the bankrupt was compelled to seek his remedy by setting up his discharge in the state court action or whether he might, under the facts, invoke injunctive relief in the Federal court.

Here, Dunbar had 70 days within which to set up the order of discharge as a defense in the state court action. He failed to do so and permitted judgment to go against him by default. We reluctantly conclude that Dunbar waived his defense to the state court action and was not entitled to equitable relief in the Federal court.

Reversed and remanded, with instructions to vacate the judgment below.

Jackson v. Shaw, 20 Cal.App.2d 740, 68 P.2d 310; Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985; Badger v. Jordan Marsh Co., 256 Mass. 153, 152 N.E. 92; Pratt v. Fields, 21 Cal.App.2d 723, 70 P.2d 268.