CANTON LUMBER and SUPPLIES, INC. *vs.* EARL A. MacNEVIN, JR.

Norfolk. April 3, 1968. — June 26, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Bankruptcy*, Discharge. *Debt.*

In a suit in equity wherein a final decree was entered ordering the defendant to pay the plaintiff a certain sum, failure of the defendant to bring to the court's attention before the entry of the decree a prior discharge of the defendant in bankruptcy, in proceedings in which the plaintiff was listed as a creditor and his claim in the suit was scheduled as "liquidated and undisputed" on "a cause of action pending," barred reliance by the defendant on the discharge as a defence to an action subsequently brought by the plaintiff to recover the sum awarded in the suit.

CONTRACT. Writ in the District Court of Southern Norfolk dated August 11, 1964.

The action was heard by *Sullivan, J.*

*Sumner Bauman* for the plaintiff.

*Stephen A. Murphy* for the defendant.

REARDON, J. The plaintiff, appellant here, brought an action in the District Court against the defendant seeking to recover $3,210.45, together with interest, on a judgment against the defendant rendered June 17, 1963, in the Superior Court. The defendant answered by way of a general denial, and in further answer set up a discharge in bankruptcy granted to him on July 13, 1960, while the Superior Court action was pending. The District Court judge found for the defendant after having passed on various requests for rulings filed by the plaintiff and reported the matter to the Appellate Division, which dismissed the report.

The facts are as follows. The plaintiff had brought a bill to reach and apply assets of the defendant in the amount of $2,629.67 on January 28, 1960. The defendant failed to

appear and answer and the bill was taken pro confesso by interlocutory decree dated March 29, 1960. On April 5, 1960, the defendant was adjudged a bankrupt by the United States District Court on a voluntary petition filed that day. In the bankruptcy proceedings the plaintiff was listed as a creditor of the defendant and the liability was scheduled as a "cause of action pending — for building supplies — $2,629.67 — 'liquidated and undisputed.' " The plaintiff was duly notified by the referee in bankruptcy of the bankruptcy proceedings and did not object to the defendant's discharge which was granted on July 13, 1960. On June 10, 1963, the plaintiff filed a motion for final decree in the Superior Court, which was allowed, and an execution was issued on the decree on July 17, 1963. The defendant at no time brought the pendency of bankruptcy proceedings or his discharge in bankruptcy to the attention of the Superior Court.

The plaintiff contends that a discharge in bankruptcy does not extinguish a debt but is merely a bar to its enforcement if properly pleaded in a suit to enforce that debt, and that by failing to bring his discharge to the attention of the Superior Court before entry of final judgment in that case the defendant has waived the defence and cannot rely upon it in a later suit to enforce the judgment. We agree. *Herschman* v. *Justices of the Municipal Court*, 220 Mass. 137, 141. *Elliott* v. *Warwick Stores, Inc.* 329 Mass. 406, 408. *Dimock* v. *Revere Copper Co.* 117 U. S. 559, 564–566. *Helms* v. *Holmes*, 129 F. 2d 263, 265–266. *In re Innis*, 140 F. 2d 479, 480–481. *Household Fin. Corp.* v. *Dunbar*, 262 F. 2d 112 (10th Cir.). *McGee* v. *Budget Premium Fin. Co.* 340 F. 2d 315 (7th Cir.). Remington on Bankruptcy, § 3240. See generally *Castaline* v. *Swardlick*, 264 Mass. 481, 484, 485; *Robinson* v. *Trustees of N. Y., N. H. & H. R.R.* 318 Mass. 121, 134.

Cases cited by the defendant are inapposite in that they deal with matters in which final judgment in the State court was rendered prior to the defendant's discharge in bankruptcy. *Badger* v. *Jordan Marsh Co.* 256 Mass. 153. *Yale*

*Univ.* v. *Weissman,* 296 Mass. 239. *Boynton* v. *Ball,* 121 U. S. 457.

In view of our disposition of this matter we do not deal with the plaintiff's requests before the District Court judge, two of which were granted and several of which were inapplicable for one reason or another.

The order of the Appellate Division dismissing the report is reversed. Judgment is to be entered for the plaintiff in the amount of the Superior Court judgment of $3,210.45, with interest.

*So ordered.*