Jack McWHERTER and Jineen
McWherter, Plaintiffs–
Appellees,

v.

Paul S. FISCHER, d/b/a Paul S. Fischer
and Associates, Defendant–
Appellant.

No. 04CA0808.

Colorado Court of Appeals,
Div. I.

Nov. 17, 2005.

Jack McWherter and Jineen McWherter,
Pro Se.

Paul S. Fischer, Pro Se.

NEY [*], J.

Defendant, Paul S. Fischer, appeals the
trial court's entry of default judgment in
favor of plaintiffs, Jack and Jineen McWhert-
er. We affirm.

Defendant, an attorney, represented plain-
tiffs in July 1999. At some point, plaintiffs
terminated defendant's representation.

Defendant filed for bankruptcy protection
and received a discharge in February 2001.
Although there is no evidence in the record
indicating when defendant filed for bankrupt-
cy, he contends plaintiffs' claims predate his
bankruptcy petition.

In November 2001, plaintiffs instituted the
present action against defendant, alleging
malpractice, breach of contract, violation of

---

[*] Sitting by assignment of the Chief Justice under
provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

fiduciary duty, negligence, negligence per se, willful and wanton conduct, and fraud. Defendant did not file an answer but submitted a handwritten letter to the court in which he represented he was mentally incompetent and indigent.

In August 2003, plaintiffs moved for default and default judgment. At defendant's request, his doctor submitted a letter to the court concluding that defendant suffered from severe bipolar mood disorder, was not able to work effectively on his own defense, and was indigent. The trial court appointed a guardian ad litem (GAL) to investigate and report on whether protective proceedings were required by C.R.C.P. 17(c).

The GAL reported to the court that defendant was uncooperative by preventing communication between the GAL and defendant's physician. In response, the trial court issued an order, which provided: "While there has been a suggestion that Defendant may be an incompetent person as contemplated by C.R.C.P. 17(c), there is insufficient information before the Court to make that determination. The defendant has refused to cooperate in the GAL's investigation into competency." The trial court cancelled the GAL's appointment and entered an order of default as to liability.

Defendant filed a pro se motion to dismiss, to vacate the default judgment, or, alternatively, to appoint a second GAL. Defendant also filed a document entitled "Submission on Damages in Lieu of Hearing."

Defendant did not attend the scheduled hearing on damages, which was held on February 12, 2004. The trial court denied defendant's motion to set aside the default because it contains no legal authority and no evidence regarding defendant's competency had been submitted to the court except his doctor's letter. The trial court entered judgment in favor of plaintiffs in the amount of $50,202.16.

After entry of judgment, defendant filed several motions, including a motion to dismiss for lack of subject matter jurisdiction, but commenced this appeal before the trial court ruled on any of these motions.

## I. Bankruptcy Discharge

On appeal, defendant contends, without citation to any authority, that the trial court lacked subject matter jurisdiction over plaintiffs' claims. Specifically, defendant argues that because the claims arose prior to his filing for bankruptcy protection, the claims were discharged as a result of his bankruptcy discharge and, therefore, the trial court lacked subject matter jurisdiction. We disagree.

We note defendant did not raise the issue of subject matter jurisdiction based on his discharge in bankruptcy until after the trial court entered default judgment. Defendant confuses the issue of waiver of an affirmative defense with the issue of lack of subject matter jurisdiction, which we recognize the issue can be raised at any time. *Dunton v. Whitewater W. Recreation, Ltd., supra,* 942 P.2d at 1350. The central issue in this case is whether defendant waived his affirmative defense of bankruptcy discharge by not raising it prior to the entry of default judgment. We conclude he did.

■ The record on appeal contains only a copy of defendant's order of discharge and the bankruptcy trustee's report of no distribution, which were attached to defendant's motion to dismiss for lack of subject matter jurisdiction. Accordingly, our review is limited to the record provided by defendant. *See McCall v. Meyers,* 94 P.3d 1271, 1272 (Colo.App.2004); *see also In re Marriage of Tagen,* 62 P.3d 1092 (Colo.App.2002) (appellant bears responsibility to designate record on appeal, including any portions necessary for purposes of appeal; facts not contained in record cannot be reviewed).

■ A party must affirmatively set forth the defense of discharge in bankruptcy in his or her answer. C.R.C.P. 8(c); *In re Lombard,* 739 F.2d 499, 503 (10th Cir.1984). If the defense of discharge in bankruptcy is not raised, it is waived. *Lombard, supra; Household Fin. Corp. v. Dunbar,* 262 F.2d 112, 114 (10th Cir.1958). Hence, this defense is not jurisdictional.

Because defendant did not affirmatively set forth his bankruptcy discharge as an affirmative defense, he waived that defense.

Accordingly, we conclude the trial court did not lack subject matter jurisdiction over plaintiffs' claims.

## II. Default Judgment

Defendant also contends the trial court erred by not granting his motion to vacate the default judgment in favor of plaintiffs because he was mentally incompetent and unrepresented. We disagree.

■ Under either C.R.C.P. 55(c) or 60(b), the determination of whether a default judgment should be set aside is generally left to the sound discretion of the trial court. *Borer v. Lewis,* 91 P.3d 375, 379 (Colo.2004). The trial court's determination will not be disturbed on appeal absent a showing of its clear abuse of discretion. *Dunton v. Whitewater W. Recreation, Ltd.,* 942 P.2d 1348, 1351 (Colo.App.1997).

■ The party seeking relief from a default judgment has the burden of establishing the grounds by clear, strong, and satisfactory proof. *Borer, supra,* 91 P.3d at 381. The clear, strong, and satisfactory proof standard has been equated with the clear and convincing burden of proof. Therefore, a party seeking to overturn a default judgment under C.R.C.P. 55(c) for "good cause" or under C.R.C.P. 60(b) for "excusable neglect" is required to establish that right to the relief by clear and convincing proof. *Borer, supra,* 91 P.3d at 379.

■ Defendant did not specify the rule under which he asserts his claim for relief, nor did he present any evidence that he was entitled to any relief under either rule by clear and convincing proof.

Accordingly, we conclude the trial court did not err by granting default judgment in favor of plaintiffs.

The judgment is affirmed.

Judge MARQUEZ and Judge WEBB concur.