# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1895.

CASE 55—PETITION EQUITY—JANUARY 12.

## Meyer v. Zotel's Adm'r.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. AN ACTION MAY BE MAINTAINED UPON A NEW PROMISE TO PAY A DEBT BARRED BY LIMITATION or by a discharge in bankruptcy, but the petition should allege every fact essential to a recovery on the original liability, and in addition thereto a promise to pay. It is not sufficient to allege merely "a promise to pay a pre-existing debt."

2. TO ENABLE A CREDITOR TO MAINTAIN AN ACTION TO SETTLE A DECEDENT'S ESTATE he must allege facts which show he has a valid demand against the estate, as well as the amount of the debts, and the nature and value of the property, real and personal, of the decedent, so far as known to him.

J. CREUTZ FOR APPELLANT.

The right of plaintiff to the relief prayed for, taking all the evidence together, is beyond a reasonable doubt.

L. J. CRAWFORD FOR APPELLEE.

1. The petition does not meet the requirements of sections 428 and 429 of the Civil Code of Practice, and for that reason the judgment dismissing the petition was proper.

2. Plaintiff attempts to proceed against the decedent's "unknown heirs," but his affidavit for the warning order is wholly insufficient. He

does not state they are "believed to be absent" from this State, and he does not give their post-office address, or state that he is ignorant of the same.

3. The evidence is too vague to base a judgment upon.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant filed his petition in equity against the administrator of Mathias Zotel, deceased, and the unknown heirs and creditors of the decedent, by which he sought to recover of the estate of Mathias Zotel, deceased, the sum of four hundred and fifty-seven dollars, alleging that his cause of action was on "an agreement and promise of said M. Zotel to plaintiff to pay a pre-existing debt that never was discharged." He further alleges that the personalty is insufficient to pay all the debts for which the estate is liable; that decedent left a certain parcel of real estate situate in Campbell county, Kentucky, and that the administrator had failed to institute a suit to settle the estate. He concludes with a prayer for a judgment against the estate for four hundred and fifty-seven dollars, for an allowance to his attorney as a fee for bringing the suit for a settlement of the estate, and for a sale of the real estate left by decedent to pay the debts of the estate.

The administrator filed a general demurrer to the petition, which was overruled.

The demurrer should have been sustained. The petition states no cause of action against the estate. Appellant could not maintain an action on a promise to pay a pre-existing debt* unless he alleged a state of facts which would show a consideration to uphold the promise. If the alleged pre-existing debt was a

valid one against the decedent, and was enforceable when the promise was made, then the action could only be maintained on the original liability. If the statute of limitation had intervened, and no action could have been maintained on the original liability, then an action could be maintained on the promise to pay the debt. If the debtor had received a discharge in bankruptcy when the promise to pay the debt was made, a cause of action would exist. (Ogden v. Redd, 13 Bush, 581; Gilmore v. Green, 14 Bush, 772.)

No facts are alleged from which the court can determine whether or not there was any moral or legal liability on the decedent to pay appellant the amount claimed for which the alleged promise was made.

When the action can not be maintained on the original liability and a creditor seeks to recover on a promise to pay the debt, the petition should allege every fact essential to a recovery on the original liability, and, in addition thereto, the promise to pay. All of which appellant failed to do except the promise to pay.

Had the appellant stated facts to show he had a valid claim against the estate, the petition was insufficient in this, that it failed to state the amount of the debts or the nature or value of the real or personal property of the decedent, and to give any reason for not doing so. The demurrer should have been sustained for this failure.

To enable a creditor to maintain an action to settle a decedent's estate, he must state facts which show he has a valid demand against the estate, as well as

the facts required by section 429, Civil Code of Practice. Neither party moved that the case be referred to a commissioner and the court made no such order. Appellant took a deposition to sustain his claim. On his motion the cause was submitted. Upon the hearing the court dismissed his petition.

Judgment affirmed.