## Hutsell v. Current.

January 27, 1950.

William B. Ardery, Judge.

R. W. Keenon, Stoll, Keenon & Park for appellant.

Raymond Connell for appellee.

STANLEY, COMMISSIONER—Reversing.

The principal question is whether a party suing on a new promise to pay an obligation must prove not only that promise but also an original promise. A secondary question is whether intrinsic circumstances and a claimed discrepancy in testimony was sufficient to authorize the submission of the case to the jury as against positive proof of an acknowledgment and a promise to pay.

Mrs. Nancy Ralls Hutsell sued the administrator of the estate of T. W. Current to recover $13,044.39 upon his acknowledgement and promise to pay a debt, the collection of which had become barred by the statute of limitations. The facts as developed by the plaintiff are fully stated in Hutsell v. Current's Adm'r, 308 Ky. 787, 215 S. W. 2d 978. We there reversed a judgment entered upon a directed verdict for the defendant and held the evidence introduced by the plaintiff was suffi-

cient to take the case to the jury. On the second trial plaintiff's evidence was the same. The defendant introduced no evidence. The court overruled the motion of each party for a directed verdict, submitted the case, and the jury found for the defendant.

The plaintiff, as appellant, argues that since this court held the evidence sufficient to prove her cause of action and nothing was produced in contradiction, she was entitled to a peremptory instruction. Secondly, that the instruction intended as submitting the defense as a converse is inconsistent and erroneous.

In the first opinion we agreed with the appellee that where a suit rests upon a new promise to pay a barred debt, the original transaction must be proven. We went further, however, and held that the original transaction may be shown by the later admission of the debtor, but did not specifically say it had been proven in the case. But that is implicit in the statement and is the necessary imputation of the decision. The trial court apparently construed this as not being the same as proving an original promise to pay. We say this because his second instruction advised the jury that unless they believed from the evidence that between April 1, 1925, and April 30, 1933, the plaintiff loaned the deceased the money claimed to be unpaid and ''unless you further believe that at the times said loans were made, if at all, the said Current promised to repay the same to the plaintiff'' the jury should find for the defendant administrator. The first instruction authorized a verdict for the plaintiff if the jury believed that the deceased had promised to pay the sum ''during the year 1944,'' which was the new promise proved by the plaintiff.

Unlike a case founded upon a new promise to pay a note, which is itself a promise, we have, in the present case, a crude account merely itemizing or listing items, with dates, amounts and some descriptions, on a paper not bearing the name of either party or anything else indicating that it was an account between them. The debtor acknowledged the statement of account was correct and owing and stated that he would pay it and did in fact pay $100.00 at the time.

We cannot agree with the appellee that the introduction of this statement offends any rule of evidence

with respect to proving bookkeeping entries or to self-serving statements. It was no more incompetent or inadmissible than would be the submission to a customer of a grocery bill which the customer acknowledged to be correct and owing. The customer would thereby accept it as his own.

The appellee again submits as authority for the proposition that there must be proof of an original promise certain cases which are stated in the first opinion not to militate against the rule that a new acknowledgement is sufficient to prove an original promise to pay. Of these, Meyer v. Zotel's Adm'r, 96 Ky. 362, 29 S, W. 28, comes nearer to his point. The court there held that a demurrer should have been sustained to a petition since it did not allege facts which would show a consideration to uphold the new promise, and further stated that a petition should allege facts essential to a recovery on the original liability in addition to the new promise to pay. Relating this statement to the evidence in the present case, we think the unqualified acceptance of the statement of various items of account covering a period of eight years was proof of the admission of a presently subsisting debt of the liabilities barred. And the recognition of an original liability is, of course, an admission that there was an original promise. That recognition forms the consideration for the new promise upon which the suit is based. Vinson's Ex'xs v. Maynard, 296 Ky. 759, 178 S. W. 2d 603; 54 C. J. S., Limitations of Actions, sec. 314(c). Indeed, there is more than this. Judge Blanton testified that Mr. Current agreed that he had received the money from time to time as set forth and that the amounts should be paid if Mrs. Hutsell outlived him. This was an admission of original promise to pay on a condition which occurred. One of the very cases relied upon, Hendrix's Adm'x, v. Hendrix, 96 S. W. 921, 29 Ky. Law Rep. 1084, sustains this proposition. Two brothers were executors of their father's will which devised his estate to his widow for life and the remainder to them. They had made a partial settlement in 1881. After their mother had died, they came before the county judge in 1903 and signed an agreement which showed that Jim was indebted to Tom in the sum of $511. Jim died soon afterward, and Tom sued his estate for this sum. The same argument made in the present case was made in that one,

namely, that there was no evidence that at any time previous to 1903, Jim was indebted to Tom. We held that an acknowledgment of a debt sufficient to take it out of the statute of limitations presupposes the existence of an original obligation, and that it is fair to assume that there was a preexisting debt.

We consider the second proposition, namely, that the plaintiff's proof did not conclusively show a right to recover. The testimony of Judge Blanton as to the unqualified new promise by Mr. Current to pay the account is clear, unequivocal and positive both in respect of being definite in form and character and of the circumstances and presentation of the claim of Hrs. Hutsell. It is, of course, an accepted principle that direct and positive testimony may be contradicted by discrepancies in the testimony or by the inherent quality or suspicious character of an instrument or by extrinsic circumstances. The vigorous and extended cross-examination of Judge Blanton developed two circumstances which are relied upon by the appellee as affording contradiction. One is that the memorandum or statement of account was in pencil, on a loose sheet of paper, without names or anything else to indicate that it was a statement of account between these parties. Some of the items apparently were written with the same pencil and at the same time, although several years had elapsed between the first and last items. We attach no significance to this. The statement was not intended or claimed to be an original entry. No matter what its form or character may be, suspicious or otherwise, the fact is that this statement was accepted by Mr. Current as being correct. The other circumstance is that the claim which had been submitted to the administrator and verified by Judge Blanton did not state that the deceased had promised to pay the account "in installments," or that the original agreement was that the obligation would be paid out of his estate if the claimant should outlive him but was not to be paid at all if she predeceased him. We see no contradiction in any of this. The witness testified clearly that at the time of the acknowledgement and promise, Current had said to him, "I can't take care of it now," but gave him $100 in cash on the account for Mrs. Hutsell, and further stated, "I will get her some more a little later on" or "he would give her some more along." There is no discrepancy

here. The absence of a recitation in the verified claim of the condition which would have made it uncollectible, namely, the decedent's survival, does not refute the testimony. Such statement was unnecessary for the condition of release of the obligation did not occur.

Therefore, all the evidence produced on this second trial was no more and no less than that of the first trial. We held that sufficient to sustain the plaintiff's cause. The reversal of the judgment on the stated ground, that it was sufficient to take the case to the jury, was as far as the case then presented authorized us to go. We appreciated the fact that there would be a new trial and the defendant would be called upon to produce his proof. But there was no defense. The facts were undisputed and not susceptible to more than one interpretation and the credibility of the witness was not questioned. So it became a question of law for the court to determine that there had been a sufficient acknowledgement and new promise to pay. In accordance with the first opinion, we think the trial court should have directed a verdict for the plaintiff.

Wherefore, the judgment is reversed.