JUDGE COFER
delivered the opinion oe the court.
The court being sufficiently advised, delivered' the following, opinion herein:
The appellee on the 1st of January, 1866, executed to the female appellant his note for ¡fgpO, payable 25th of December of that year. August 31, 1868, he filed his petition in bankruptcy, and August 7, 1871, received his discharge. November 14, 1870, he wrote to the appellant that he would pay the note as soon as convenient, or as soon as he could spare the amount from his business. This suit was on the note, and the new promise contained in the letter was attempted to be set up in an amendment.
That a promise made after receiving a discharge in bankruptcy to pay a debt from which the promisor has been discharged is valid, is now well established; but in this case the new promise was made before a discharge had been obtained, and therefore while the note was a valid and subsisting obligation, the new promise did not discharge the obligation created by the note, and there was no consideration to uphold it.«
If the appellee is bound upon the mere promise, it must have been binding when it was made, and that it was not then binding is clear from the consideration that if a discharge had not been obtained, an action on the note could not have been defeated by setting up the new promise as an accord and satisfaction. It is not alleged or claimed that the promise in the letter was accepted in satisfaction of the note, and consequently it did not discharge the appellee from the obligation created by it. As long as the creditor can maintain an action on the original promise, a new promise, without additional consideration, will not support an action; otherwise the debtor would be exposed to two actions for the same debt. The amended petition did not, therefore, contain a statement of facts constituting a cause of action, and the court properly refused leave to file it. Judgment affirmed.