CASE 111—ORDINARY—OCTOBER 20, 1881.

## Graves v. McGuire, Helm & Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. A promise made by a debtor after he has filed his petition in bank-ruptcy, and before his discharge, to pay an antecedent debt, cannot be enforced.

2. It is only a naked promise to pay a debt already existing.

3. The acceptance of the promise by the creditor adds nothing to its significance.

S. W. RAILEY FOR APPELLANT.

1. The court erred in refusing to instruct the jury as asked by appellant in instructions 1, 2, 3, and 4.

2. It erred in giving instructions 1, 2, and 3.

3. The promise of appellant to pay a debt to appellees, in existence when the former had filed his petition in bankruptcy, and before his discharge, is void. (Ogden v. Redd, 13 Bush, 582.)

W. O. & J. S. DODD FOR APPELLEES.

1. Appellees accepted the promise of appellant to pay the debt, and thereby lost their right of action against him upon the original debt. They made no proof of their debt in the bankrupt court, relying exclusively upon his new promise.

2. Such a promise is binding. (Ogden v. Redd, 13 Bush, 582; Kingston v. Wharton, 2 S. & R., 213; 2 Cowper, 544; Rev. Stat. U. S., secs. 5105, 5106, and 5112.)

Graves v. McGuire, Helm & Co.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

There is no distinction in the case before us and that of Ogden v. Redd, reported in 13 Bush. The appellant in this case, after filing his petition, and before he obtained his discharge in bankruptcy, promised to pay the debt due the appellees.

After his discharge, the appellant, by reason of certain transactions between himself and the appellees, asserted a claim for a balance due him on settlement.

Appellees admit the balance, but say that they have applied it to the debt the appellant owed them prior to his discharge in bankruptcy, alleging that the appellant, after filing his petition, promised to pay the debt; that this promise was accepted by them in lieu of the original undertaking, and relying upon it, they did not file their claim before the assignee in bankruptcy. They pleaded the same as a set-off, and obtained judgment over for $464. An issue was properly formed, and the jury returned into court special findings to the effect—

1. That plaintiff did promise in March, 1878, to pay the defendants the balance he owed them.

2. That the defendants accepted said promise.

3. That plaintiff had notice or knowledge of such acceptance.

On these findings the judgment was rendered for the defendants. The inquiry at once arises, in what manner did these appellees accept the promise made, and how did the appellant have notice of this acceptance?

The testimony of one of the appellees is, that he accepted the proposition or promise in his own mind, but at no time communicated that fact to the appellant, and the only evidence the jury had as to the knowledge of the appellant in

regard to this acceptance of the new promise was the promise itself, and if such knowledge had even been established, we are of the opinion that it did not create a new obligation.

It is nothing more than a promise to pay a debt already owing and collectable by law, and a renewed assurance to the creditor, without any additional consideration, that the debt will be paid. The original undertaking remained in full force, and had never been discharged, and as long as the creditor can maintain an action on the original promise, a new promise, without some additional consideration, will not support an action.

This is the rule laid down in Ogden v. Redd, as well as by all the elementary authorities.

Suppose the appellees had sued the appellant on the original undertaking, and the latter, instead of relying on his discharge in bankruptcy, had pleaded, by way of accord and satisfaction, that he had, subsequently to the original promise, say on the — day of March, 1878, made an additional promise to pay the debt, and it was accepted by the defendants, and therefore the last promise, and not the original undertaking, created the liability, can it be successfully maintained that such a plea would be good? We think not.

There must be some distinct agreement, based upon a consideration in which the original contract is merged or discharged, before such a promise can be made available, except for the purpose of defeating a plea of limitation. Where the debt is barred by time or by the bankrupt's discharge, and is no longer collectable by law, a new promise, based on the moral obligation to pay, creates a liability; but so long as the original contract can be enforced, a mere promise or acceptance of the liability will not support the action.

In the case of Ogden v. Redd it is stated: "It is not alleged or claimed that the promise on the latter. was accepted in satisfaction of the note, and consequently it did not discharge the appellee from the obligation created by it." This counsel seem to have relied on in the court below; but when following the opinion, and in the next sentence, it is said, "that the new promise, without an additional consideration, will not support an action, otherwise the debtor would be exposed to two actions."

In the case of Trueman v. Fenton the question was, whether a bankrupt may not, in consideration of a debt due before bankruptcy, and after a commission in bankruptcy sued out, and for which the creditor agrees to accept no dividend or benefit under the commission, make such creditor in whole or in part satisfaction for the debt by a new undertaking.

In that case the creditor gave up the securities he had for his debt, and accepted the note of the bankrupt for a little more than half the amount due in full satisfaction of his whole demand. The creditor waived his right to present his claim in bankruptcy, and in fact had delivered to the debtor the evidences of his demand, and had no claim to present except the debtor's note for one half the amount originally due him. That was a fraud on the creditor; but here there was only a promise to pay, nothing more, and this has never been held to create a new obligation or to work an estoppel so as to prevent the bankrupt from relying on his discharge as a bar to the recovery.

There was no agreement to forbear, and it will not do to say that the mere forbearance to present the claim before the assignee in bankruptcy gives vitality to the promise, and

creates an obligation upon which the action can be maintained. .

The mere assurance in the mind of the creditor that he will accept or forbear to act with reference to his claim, will not amount to a contract with his debtor. He must forbear to present his claim by reason of some contract, made by both parties, based upon a consideration, or been so defrauded by the debtor as to estop the latter from relying on his defense in bankruptcy. A mere promise to pay is not sufficient. A new promise to pay a debt already existing cannot be made the foundation of an action. (Gilmore v. Green, 4 Bush.)

In Stethen v. Sherman, 1 Sanford Superior Court, 510, it is said: "Although it is alleged that the new promise was made after the bankrupt's petition, it does not aver that it was made after his discharge. If before the discharge, it cannot be set forth as an independent cause of action."

The letter written to the appellees prior to the discharge in bankruptcy sheds no light on the question here. Appellant wanted the appellees to make advances to enable him to pay what he owed them, and this they declined to do.

The appellees were not entitled to the judgment.

The judgment is reversed, and cause remanded, for further proceedings not inconsistent with this opinion.