## JOHN W. POSEY *v.* ELIZA MAYER'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 3—613.]

### Consideration for Note.

A new promise made by a bankrupt to pay a debt from which he had been discharged is founded upon a moral consideration, and constitutes a valid enforceable contract.

### Promise to Pay Interest.

A promise in a promissory note to pay a debt "with eight per cent. interest" is an undertaking to pay eight per cent. interest from the date of the promise until the maturity of the note only. and from its maturity such a note only draws six per cent. interest.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 2, 1882.

OPINION BY JUDGE HARGIS:

After the appellant was discharged in baukruptcy from the payment of the debt of appellee's· intestate he executed four notes, due respectively in one, two, three and four years, by which he promised to pay her the debt and its accumulated interest, "with eight per cent. interest." From or to what time the eight per cent. interest was intended to run is not expressed in any of the notes. He was sued on them, and by mistake the plaintiff alleged that they were each for $100, when one of them was for $137. The appellant answered, pleaded his bankruptcy and discharge, averring that the notes were without consideration because they were executed in payment of a debt which had been thereby discharged.

This court has so often decided that a new promise made by a bankrupt to pay a debt from which he had been discharged is founded upon a moral consideration and constitutes a valid enforceable contract, that we do not deem it necessary to say more than to cite the following authorities: *Graham v. Hunt,* 8 B. Mon. (Ky.) 7; *Carson v. Osborn,* 10 B. Mon. (Ky.) 155; *Egbert v. Mc-Michael,* 9 B. Mon. ·(Ky.) 44; *Eckler v. Galbraith,* 12 Bush (Ky.) 71; *Ogden v. Redd,* 13 Bush (Ky.) 581.

The appellee amended his petition, correcting the mistake as to the amount of one of the notes, and moved for judgment; notwithstanding the answer, the motion was sustained and judgment rendered against appellant for the total amount of the four notes with 8 per cent. interest from the date of their execution, and he appeals from that judgment. A motion for judgment regardless of the answer was not the legal mode of disposing of that pleading. The appellee should have filed a general demurrer to it, and the court ought to have sustained the demurrer, and upon failure to amend with leave of the court, judgment would have been the necessary result.

The promise to pay the debt "with eight per cent. interest" is, in law, an undertaking to pay eight per cent. interest from the date of the promise. But the contract to pay that rate, which is conventional and greater than legal interest, does not embrace any time beyond the maturity of the notes. From the last event only six per cent. interest can be lawfully exacted, as the expressed promise to pay eight per cent. is from the date to the

maturity of the notes respectively. *Rilling v. Thompson,* 12 Bush (Ky.) 310. Although the prayer of the petition is for only $400 with eight per cent. and costs "and all other proper relief," the amended petition makes it certain that the amount of the notes is $437, and the answer does not deny the allegation.

The principal object of Civ. Code (1876), § 90, was to prevent judgments by default for any relief not specifically demanded in the prayer of the petition; and, when a person appears and answers, the dangers and wrongs arising from the evil sought to be remedied no longer exist, and he should be required to deny the substantive allegations of the petition or submit to a judgment, where a mistake, so patent as a prayer for a less amount than that of the note made the basis of the action and filed with the petition, is the only defect in the petition.

Wherefore the judgment is *reversed* and cause remanded for further proceedings.

*Geo. A. Prentice, for appellant.*
*J. F. Clay, W. P. D. Bush, for appellee.*