## Evans v. Evarts Ice, Bottling & Cream Company.

(Decided June 7, 1927.)

### Appeal from Harlan Circuit Court.

1. Bankruptcy.—Answer to action on account, denying indebtedness and alleging that defendant had filed petition in bankruptcy and for that reason plaintiff could not prosecute suit against him, held demurrable.

2. Bankruptcy.—Answer in action on account, alleging that defendant was adjudged bankrupt and discharged, and that debt claimed was listed in schedule held sufficient against demurrer under Civil Code of Practice, section 122, providing that, in pleading a judgment, it is not necessary to state facts conferring jurisdiction.

3. Bankruptcy.—Creditor could recover from debtor any part of account which arose after filing of debtor's petition in bankruptcy.

LYTTLE & MORGAN for appellant.

E. H. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee instituted this suit on an account which it alleged the appellant was owing it. The appellant filed an answer in which he denied that he owed the amount set up in the petition, and in the second paragraph of his answer he alleged that on the — day of May, 1924, he filed a voluntary petition in bankruptcy, and for that reason appellee could not prosecute its suit against him. The court properly sustained a demurrer to this answer. Appellant filed an amended answer in which he sets up that in May, 1924, he filed his voluntary petition in bankruptcy in the United States court for the eastern district of Kentucky, and that he was duly adjudged by said court to be a bankrupt, and that in his schedule the debt claimed by the appellee was duly listed, including the amount, the nature of the claim, and the post office address of the appellee, that he was discharged from bankruptcy, and that there were some assets in the hands of said court which were used to pay his creditors. A demurrer was sustained to the amended petition. This plea was sufficient under the provisions of section 122 of the Civil Code of Practice. The demurrer should have been overruled. The appellee may recover from appellant any part of the account which arose after he filed his petition in bankruptcy.

The appeal is granted, judgment reversed, and the cause remanded for proceedings consistent with this opinion.