## Richard v. Bosler.

Feb. 6, 1940.

Wilbur Fields for appellant.

C. C. Sehlinger for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

W. S. Richard is appealing from a judgment recovered against him by George N. Bosler for the sums of $952.65 and $1,897.50 with interest. As appears from the pleadings and stipulations appellee, as surety for appellant, paid the sums for which he recovered judgment prior to July 25, 1932, when appellant filed a petition in bankruptcy.

On August 9, 1932, and after appellant had been adjudicated a bankrupt he executed and delivered to appellee a writing whereby he promised to pay and reimburse him for sums so paid as surety. There are stipulations setting out the amounts paid by appellee as surety for appellant, however, it is stated in brief for appellant that there is a variance between the pleading and stipulations respecting the sums paid and that in following the pleadings the court entered judgment for the sum of $952.65 when under the stipulations the sum should have been $852.65, but as we understand the stipulations the sum of $852.65 was the sum finally paid by appellee as he had theretofore paid the sum of $100 on the items of indebtedness involved.

The grounds set out and relied on for reversal in brief for appellant are (1) that the writing of August 9, 1932, relied on by appellee was executed without consideration and (2) that the judgment is erroneous because the writing is indefinite and uncertain respecting the

sums to be paid and does not promise to pay any sum in excess of one cent per month.

At the outset counsel for appellant recognizes the rule that the moral obligation of a debtor is sufficient consideration to support his promise to pay an obligation of which he has been discharged in bankruptcy but argues that since the written promise in this instance was made before discharge in bankruptcy it was not supported by any consideration. The cases of Ogden v. Redd, 13 Bush 581, 76 Ky. 581 decided in 1877, and Graves v. McGuire, 79 Ky. 532, decided in 1881, are cited and relied on.

It is argued by counsel for appellee that those cases are inapplicable and should not be followed because of differences between existing bankrupt laws and those in force at the time the opinions relied on were rendered respecting the rights of a debtor to maintain an action in state courts against a bankrupt before his discharge. While there is apparent merit in this contention it will be unnecessary to discuss that phase of the case because of our conclusions that the opinions in those cases are basically unsound, especially when applied to existing bankrupt laws, are contrary to an imposing weight of authority, and should not be followed.

Annotations in 83 A. L. R. beginning at page 1295 quote from 3 R. C. L. 324, wherein it is said:

> "In reasons, as well as by the greater weight of authority, the date of the new promise is immaterial, and it has commonly been held, both in England and the United States, that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition in bankruptcy and before the discharge as if made after the discharge."

The annotations further show this to be the prevailing rule in Federal courts as evidenced by Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664, and many other Supreme and Federal court cases; and the courts of 19 states. The only decisions cited to the contrary are the two Kentucky cases cited by appellant, one from California and two from New Jersey.

Wholly apart from any changes in the bankrupt.

634

laws, it is our conclusion that since the two Kentucky cases relied upon by appellant are out of harmony with the great weight of authority as well as with sound reason, they should be and are overruled.

In support of the second ground assigned for reversal appellant cites cases to support his contention that the written agreement relied on by appellee should not be upheld because of uncertainty regarding the amount of monthly payments, but clearly these cases do not support such contention. The promise to pay in a sum not exceeding $50 per month is definite and certain and we need not pause to determine whether in any event the judgment should have provided for monthly payments since at the time the judgment was rendered the entire amount was due under the terms of the contract.

Judgment affirmed.