**In re COX.**

No. 12104.

District Court, W. D. Kentucky.

July 9, 1940.

James M. Cuneo and Allen & Clarke, all of Louisville, Ky., for petitioner Cox.

Thos. S. Dawson and Woodward, Dawson & Hobson, all of Louisville, Ky., for Personal Finance Co.

MILLER, District Judge.

This matter comes before the Court on the petition of Harry B. Cox, bankrupt, for an injunction against the Personal Finance Company seeking to restrain the Finance Company from further proceeding against him in an action in the Jefferson Circuit Court of Kentucky.

Cox was adjudged a bankrupt on February 26, 1937. His application for a discharge was made within time, but has not yet been granted. Among the debts listed in the bankrupt's schedules was one for $276.34 in favor of the Personal Finance Company. On September 1, 1937, which was after adjudication, the Personal Finance Company instituted suit in the Jefferson Circuit Court of Kentucky on a note dated October 14, 1936 signed by the bankrupt and three co-signers. In the second paragraph of the petition it was alleged that on March 22, 1937, May 4, 1937, and May 24, 1937 Cox made new promises to pay the debt after having been adjudicated a bankrupt. On January 15, 1938 a default judgment was entered against Cox in favor of the Personal Finance Company, which, however, did not specify whether the judgment was upon the alleged cause of action set up in the first paragraph or in the second paragraph of the petition. On February 7, 1938 the Personal Finance Company instituted in the Jefferson Circuit Court equity action No. 254944 against Cox upon said judgment seeking a discovery

and attachment. On October 24, 1939 the Personal Finance Company caused an order of attachment to be issued in said action and served upon the American Air Filter Company as garnishee. On October 30, 1939 the bankrupt filed his petition in the pending bankruptcy proceedings praying that the Finance Company be enjoined from further proceeding in action No. 254944 in the Jefferson Circuit Court. On the same day the Referee in Bankruptcy issued a stay and show cause order. The Personal Finance Company thereafter filed its response setting up in substance the new promises made by the bankrupt after his adjudication in bankruptcy, and alleging that the defendant was duly served with summons by the sheriff of Jefferson County in the action instituted in the Circuit Court of that county; that he failed to answer, and that the resulting default judgment was conclusive and binding upon him.

The bankrupt contends in support of his petition for an injunction, (1) that the bankruptcy court has jurisdiction to restrain a creditor from attempting to collect in a state court a claim dischargeable in bankruptcy; (2) that the judgment obtained by the Finance Company in the State court was on the old debt before the discharge in bankruptcy and was therefore a nullity; and (3) that a suit to recover on a debt revived by a new promise made after adjudication can not be brought until the question of the bankrupt's discharge has been determined. The Personal Finance Company contends that the action in the state court was upon the new promise made after the adjudication which created a valid obligation even though made before the discharge in bankruptcy.

The bankruptcy court, in which the bankruptcy proceedings are pending, has jurisdiction by reason of its inherent equitable powers of these proceedings to restrain a creditor from attempting to collect in a state court a claim dischargeable in bankruptcy. A court of bankruptcy is essentially a court of equity and has jurisdiction of a bill ancillary to an original proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein. Bankruptcy Act, Section 2(15), 11 U.S.C.A. § 11(15); Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; In re Skorcz, 7 Cir., 67 F.2d 187; In re Hunt,

7 Cir., 67 F.2d 998. If the action in the state court was upon a claim which was dischargeable in bankruptcy the judgment which was obtained before the bankrupt's discharge has no more validity than the original claim itself. The debt on which the judgment was rendered is the same old debt that it was before notwithstanding the change in its form from that of a simple contract debt or unliquidated claim by merger into a judgment of a court of record. Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985. This situation is materially different in legal effect from the case where judgment is rendered after the discharge in bankruptcy has been granted and the defendant fails to plead his discharge. In such cases the judgment has been held to be valid. Dimock v. Revere Copper Company, 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994; Jackson v. Shaw, 20 Cal.App. 2d 740, 68 P.2d 310. In the present case it was impossible for the debtor to plead his discharge in bankruptcy to the action instituted in the state court because no such discharge had been obtained at the time when the judgment was rendered.

If the judgment in the state court is upon the new promise rather than upon the old indebtedness, a different situation exists, because the new promise is not a claim provable or dischargeable in bankruptcy. The claim based on the new promise comes into existence after the adjudication. Until recently it was held by the Court of Appeals of Kentucky that the promise was of no validity if made prior to the discharge in bankruptcy, as it was made in the present case. Under such circumstances it was in effect merely another promise to pay an existing debt and was supported by no consideration. Ogden v. Redd, 13 Bush, Ky., 581; Graves v. McGuire, 79 Ky. 532. This rule was changed by the Kentucky Court in its recent decision in Richard v. Bosler, 281 Ky. 631, 136 S.W.2d 1071, decided February 6, 1940, in which the Court held in line with the great weight of authority that the date of the new promise is immaterial and that the promise is as effectual when made after the filing of the petition in bankruptcy and before the discharge as if made after the discharge. See, also, Zavelo v. Reeves, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D, 664.

▆▆ The present case is therefore subject to the well settled rule that a discharge in bankruptcy, while releasing the bankrupt from liability to pay a debt that was provable in bankruptcy, leaves him under a moral obligation sufficient to support a new promise to pay the debt, regardless of whether the new promise was made before or after the discharge in bankruptcy. Posey v. Mayer's Adm'r, 3 Ky. Law Rep. 613; Eckler v. Galbraith, 12 Bush, Ky., 71; Tolle v. Smith's Ex'r, 98 Ky. 464, 33 S.W. 410; Brashears v. Combs, 174 Ky. 344, 192 S.W. 482. It is not clear, however, whether the cause of action is upon the old promise with the discharge in bankruptcy waived by the new promise, or is upon the new promise as a separate and new obligation supported by moral consideration, as an exception to the general rule of consideration. The authorities throughout the country are in conflict on this issue with the weight in favor of the view that the action lies upon the new promise. See 3 R.C.L., Bankruptcy, § 147; 8 Corpus Juris Secundum, Bankruptcy, § 583, subd. d. There is also conflict among the decisions in the Kentucky Court of Appeals. Counsel for the bankrupt relies upon Damron v. Pikeville Grocery Co., 222 Ky. 749, 2 S.W.2d 366; Breashears v. Combs, supra; and Hays v. Cyrus, 252 Ky. 435, 67 S.W.2d 503, as sustaining his contention that the new promise merely waives the bar to the enforcement of the old debt. These decisions contain general language that supports that contention, although the exact question does not seem to have been in issue in those cases. On the other hand, the decision in Peoples' Bank v. Baker, 238 Ky. 473, 38 S.W.2d 225, holds in effect that the action is upon the new promise, without the specific question being raised in the case. The question was specifically raised and passed upon in several early cases with the Court holding that the action was properly upon the new promise. Graham v. Hunt, 8 B.Mon., Ky., 7; Egbert v. McMichael, 9 B.Mon., Ky., 44; Carson v. Osborn, 10 B.Mon., Ky., 155. Accordingly, the Court follows this early rule and holds that the action under such circumstances is properly brought upon the new promise. The petition of the Personal Finance Company filed in the Jefferson Circuit Court sets out both the old promise and the new promise, and as the judgment does not specify upon what promise the judgment is rendered it is consistent with the declaration upon the new promise.

▆▆ The bankrupt claims in his petition that at no time after the filing of the

petition in bankruptcy did he promise or agree to pay the existing debt to the Personal Finance Company, and that he does not remember having received a copy of the summons issued upon the petition filed in the state court and did not know that said action had been instituted against him until long after the judgment had been entered. Those are matters which can not be inquired into in this proceeding. If he was not served with summons and was never brought before the Court the judgment complained of is void which fact can be set up as a valid defense in equity action No. 254944. If he was properly served and was unavoidably prevented from defending the action by reason of casualty or misfortune, or if the judgment was obtained by reason of fraud practiced by the successful party, the bankrupt has his right to have the judgment vacated by proceeding under Section 518 of the Kentucky Civil Code of Practice. If he was properly served his failure to answer the petition alleging that the new promises were made makes that question res adjudicata and the judgment one which can not be collaterally attacked in this action. Although jurisdiction exists in the bankruptcy court to enjoin the creditor from proceeding with its state action, yet it is better practice not to exercise that authority except in cases where the legal remedy afforded is inadequate to meet the requirements of justice. Local Loan Co. v. Hunt, supra.

 Since the action in the state court was upon a promise made after the adjudication in bankruptcy which created a new obligation as of that time it is not an action on a claim provable or dischargeable in bankruptcy, and accordingly the bankruptcy court has no jurisdiction to interfere with the enforcement of that judgment. Obligations coming into existence after the filing of the petition in bankruptcy, although before the granting of the discharge, are not affected by the discharge subsequently granted which relates back to the filing of the petition. Zavelo v. Reeves, supra; Stolzenbach v. Penn-American Gas Coal Co., 3 Cir., 295 F. 628; In re Montgomery Bros., D.C., 51 F.2d 284; Evans v. Evarts Ice, Bottling & Cream Co., 220 Ky. 430, 295 S.W. 415. The hardship which will be imposed upon the bankrupt who acted in good faith in not defending the state action, as pointed out by counsel, is an unavoidable one if this Court is to follow the new rule laid down by the Court of Appeals in Richard v. Bosler, supra, which contains no saving exceptions for transactions already completed as have been contained in several other recent decisions changing rules of law long adhered to. See Illinois Cent. R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S.W.2d 153; Eagle v. City of Corbin, 275 Ky. 808, 122 S.W.2d 798; Payne v. City of Covington, 276 Ky. 380, 123 S.W.2d 1045, 122 A.L.R. 321; World Fire & Marine Ins. Co. v. Tapp, 279 Ky. 423, 130 S.W.2d 848.

The response of the Personal Finance Company is adjudged sufficient and the application for injunction denied.