**PERSONAL INDUSTRIAL LOAN COR-
PORATION, now known as Beneficial
Industrial Loan Corporation, Appellant,**

v.

**Kenneth Dickson FORGAY, Appellee.**

No. 5426.

United States Court of Appeals
Tenth Circuit.

Dec. 19, 1956.

Rehearing Denied Feb. 7, 1957.

Macoy A. McMurray, Salt Lake City, Utah (McKay, Burton, McMillan & Richards, Salt Lake City, Utah, were with him on the brief), for appellant.

Joseph W. Boone, Salt Lake City, Utah, for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant Personal Industrial Loan Corporation, herein called Industrial, has appealed from a judgment permanently enjoining it from pursuing execution on a default judgment it obtained against appellee Kenneth D. Forgay in the City Court of Salt Lake City, Utah. In addition, the judgment directed it to dismiss garnishment proceedings against Forgay's employer.

The facts essential to consider are these. Forgay filed a petition in bankruptcy in the Bankruptcy Court of Utah. He listed Industrial's claim among his debts. Notice of the pendency of the bankruptcy proceedings was duly served on Industrial. It ignored the proceedings and instead of filing its claim filed its action in the City Court, alleging that its debt was non-dischargeable in bankruptcy because of the false financial statement inducing the loan. Although served with summons, Forgay made no appearance and a default judgment was rendered against him. After this default judgment, Forgay obtained a general discharge in the Bankruptcy Court. Thereafter Forgay prosecuted an appeal from the City Court judgment to the District Court. His appeal apparently was dismissed because taken out of time. Thereafter he filed a motion in the City Court to vacate its judgment which was denied. When thereafter Industrial attached his wages he instituted this ancil-

lary proceeding to enjoin the City Court's judgment.

It is well settled law that the bankruptcy court has the power to effectuate the adjudication and order made by the court in a bankruptcy proceeding. This power is a continuing power and may be invoked after order of discharge and after termination of the bankruptcy proceeding in the bankruptcy court.[1] The court has a continuing duty and solicitude to see that a discharged bankrupt is not unduly denied the benefits of his adjudication and discharge.

The power to enjoin proceedings in a state court involving a debt listed in the bankruptcy proceedings or a judgment obtained on such a debt in a state court, either during the bankruptcy proceedings or thereafter, is not an absolute power and may be exercised only under such conditions as appeal to the equitable conscience of the court. This is so because a general discharge in bankruptcy does not wipe out the debt, it only raises a bar to actions thereon in state courts and must be pleaded and, if not pleaded, is waived and in such a case a judgment in the state court is res judicata and is binding on the federal court.[2] Neither may the federal court enjoin the action in the state court or a judgment based thereon because when thereafter the matter is called to its attention in an ancillary proceeding it is of the view that the debt was in fact dischargeable. A due regard to our dual system of courts requires a federal court to conclude that, had the debtor presented the defense that the debt sued on in the state court was in fact dischargeable, the state court would have given it the consideration it merited, or that if the defense was offered and rejected by the state court that it acted in good faith and that therefore its judgment was entitled to full faith and credit.

As pointed out in the Hunt case by the Supreme Court and the Morrow case by

1. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; State Finance Co. v. Morrow, 10 Cir., 216 F.2d 676; Holmes v. Rowe, 9 Cir., 97 F.2d 537.

2. 8 Remington on Bankruptcy, Henderson, 1955 Ed. § 3225, p. 47; § 3239, pp. 69–70; Helms v. Holmes, 4 Cir., 1942, 129 F.2d 263, 141 A.L.R. 1367.

our Court (footnote 1) as well as in a great number of other cases, the equitable jurisdiction to interfere with state proceedings involving debts pending while the bankruptcy proceedings are in progress or with judgment thereafter entered in the state courts is a qualified power and may be exercised only under such circumstances as will appeal to the conscience of the court. We think the facts in this case bring it within that principle and that the judgment of the trial court is correct. We are dealing here with a finance company engaged in making small loans to debtors generally in distress when they apply for such loans. As observed by the Court in In re Caldwell, D.C., 33 F.Supp. 631, 635, "If creditors, with their expert credit men, were as diligent in investigating the responsibility of applicants for credit and as prudent in bestowing it, as they are persistent and sometimes oppressive in attempting to collect after the indebtedness has been incurred, there would be fewer claims of fraud and attempts like this to defeat a discharge in bankruptcy," and we might add by bypassing the bankruptcy court and in going into a nonrecord state court.

While Industrial was not required to come into the bankruptcy case, the normal and ordinary course should prompt it to do so. Although it was served with notice, it bypassed the federal court, went into a non-record state court, perhaps of somewhat higher standing than a justice of the peace court, and obtained a default judgment. An examination of the complaint in the State Court leads to the conclusion that the cause of action stated was predicated upon the debt and not upon fraud. The default judgment it obtained was merely for the amount of its claim and did not purport to be a fraud judgment. In fact, the judgment did not refer to fraud in any way.

█ Nor do we think that a valid default fraud judgment could have been entered in that case upon the allegations of the complaint. The petition in our opinion was not sufficient to state a cause of action sounding in fraud. In Fillmore Commercial & Savings Bank v. Kelly, 62 Utah 514, 220 P. 1064, 1066, the Utah Court said: "It is elementary that fraud must be alleged by distinctly pleading the facts constituting the fraud. Mere epithets, or conclusions or general charges * * * are not good unless accompanied with a statement of facts to sustain it * * * It is necessary to show not only what the fraud was, and that injury has been sustained, but also the connection of the fraud with the alleged damage, so that it may appear * * * whether the one might have resulted directly from the other." No facts were pleaded which if admitted or established would support a fraud judgment. All the petition alleged was that "At the time of securing said loan the defendants executed in writing a materially false statement raising their financial condition; * * * *" and then after alleging Forgay had been adjudicated a bankrupt it concluded that "the claim of plaintiff herein is not dischargeable in the bankruptcy." This was not an allegation of fact. It merely stated the pleader's conclusion. By failing to appear and permitting a default judgment to be entered, Forgay admitted only facts well pleaded.[3] We think the facts of this case bring it squarely within our decision in the Morrow case, supra, and that appellant has no fraud judgment. This conclusion is not in conflict with Personal Finance Company of Colorado v. Martinez, 115 F.2d 226, and Beneficial Loan Company v. Noble, 129 F.2d 425, by our Court, relied upon by Industrial. In the Martinez case the petition in the state court alleged specific fraudulent facts establishing fraud, and in the Noble case the state court apparently explicitly adjudged fraud on a petition clearly stating fraud.

█ The Supreme Court in the Hunt case and this Court in the Morrow case

---

3. Brumbaugh v. Wilson, 1910, 82 Kan. 53, 107 P. 792, 794; Utah Ass'n of Credit Men v. Bowman, 1911, 38 Utah 326, 113 P. 63, 67.

point out that a bankruptcy court in considering whether it should exercise its equitable discretion should give special attention to small debtors to the end that they are not harassed by being dragged through expensive state court proceedings. It is urged here that appellee had not exhausted his remedy in the state courts by failing to appeal from the judgment in the city court overruling its motion to vacate its judgment. Such a proceeding would entail delay and costs which the discharged debtor could ill afford and, as pointed out in the Hunt case, would in a large part deny him the benefits of an adjudication by the bankruptcy court.

Affirmed.