Stanley McGEE, Petitioner-Appellant,

v.

BUDGET PREMIUM FINANCE COM-
PANY, an Illinois corporation,
Respondent-Appellee.

No. 14613.

United States Court of Appeals
Seventh Circuit.

Jan. 13, 1965.

———◇———

Leo E. Holt, Chicago, Ill., Montgomery, Holt & Bolden, Chicago, Ill., of counsel, for appellant.

Sidney S. Deutsch, Rock Island, Ill., Alvin Edelman, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Stanley McGee, a bankrupt, has appealed from an order of the district court denying his petition for an injunction against Budget Premium Finance Company, an Illinois corporation.

Budget brought an action on a contract against McGee in the County Court of Rock Island County, Illinois. McGee subsequently filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois, Eastern Division, which does not geographically include Rock Island County. On the filing of the petition in bankruptcy, a bankruptcy court referee entered a restraining order against all creditors of McGee, including Budget, restraining the prosecution of any action against the bankrupt until he had been discharged or his petition otherwise disposed of.

Budget did not appear in the bankruptcy proceedings. After a discharge in bankruptcy had been entered, an alias summons was issued by the County Court of Rock Island County and was served upon McGee. He failed to appear and a default judgment was entered against him. Thereafter McGee and his attorney appeared in the County Court and made a motion to vacate the default judgment, and for leave to appear and plead his discharge in bankruptcy. This motion was denied. No appeal was taken from that ruling.

These facts were established in the bankruptcy proceedings where McGee filed an ancillary petition praying for an injunction to enjoin enforcement of the state court judgment. This petition admitted that Budget had commenced its suit prior to the filing of the petition in bankruptcy but pointed out that service of summons had not then been made upon McGee. A referee, sitting as special master, heard the petition and Budget's answer and made findings of fact. Among other things he found that, in compliance with the injunction, Budget took no action during the pendency of the bankruptcy matter, but that some time after the discharge in bankruptcy had been granted Budget proceeded by alias

summons, which was served upon McGee, and thereupon a judgment was granted Budget in the state court for the amount due and costs. The special master further found that McGee did not appear in the state court in answer to the summons and did not file his defense of discharge in bankruptcy. He further found that it was not until April 22, 1963 that McGee did appear in person and by counsel in the state court, after supplementary proceedings to discover assets had been filed against him and a citation was issued on April 4, 1963 and personally served on him. Thereupon the state court fully considered McGee's motion to vacate judgment and filed a written opinion and order denying relief. It does not appear that McGee followed his state court remedies any further.

The special master stated his conclusions of law, relying upon decisions of this court and other federal courts. It was the master's conclusion that McGee had ample time within which to file his affirmative defense of discharge in bankruptcy in the state court and that McGee had a remedy under § 72 of the Illinois Civil Practice Act,[1] if he had proper grounds to file a petition thereunder on the ground of improper service of summons, as he had orally alleged before the bankruptcy court.

The special master also concluded that McGee did not have a right to make a collateral attack upon the state court judgment, which is *res judicata* and must be given full faith and credit. He recommended an order denying McGee's petition. The district court entered such an order.

In Csatari v. General Finance Corporation, 6 Cir., 173 F.2d 798 (1949), at 800, the court said:

"* * * State procedure was available to the appellants to review the ruling of the City Court of which complaint is made in the present action. No appeal was taken. * * * Until some satisfactory reason is shown for not using the available state procedure, we find no reason to interfere with the state processes."

To the same effect is our holding in re Innis, 140 F.2d 479 (1944), at 480:

"* * * the state court had acquired jurisdiction of the parties and of the subject matter. It was 'competent to administer full justice' and was proceeding according to the law which governed such suits. It was not compelled to take judicial notice of the proceeding in bankruptcy in another court, however seriously that proceeding might affect the rights of the parties to the suit already pending. It was the duty of the state court to proceed to judgment between the parties unless, by some proper pleading, it was informed of the changed relation of any of the parties to the suit's subject matter. As there said, *if the bankrupt had brought her discharge to the attention of the state court at any time before judgment it would have had to be received as a bar to the action.* She had a right to show that the debt had been paid, released or otherwise satisfied and, *if she did not do so, she can not be permitted to do so later in the absence of any ground for interposition of jurisdiction in equity.* To the same effect is Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367. We agree with that court that it is elementary that the defendant in an action at law who has a valid defense which he has an adequate opportunity to interpose, is chargeable with negligence if he fails to set up this defense, in the absence of fraud, accident, coercion or duress, and that, for the same reason, he can not seek relief in equity against enforcement of a judgment on the ground which constituted his original defense." (Emphasis supplied.)

For these reasons, we affirm the order from which this appeal was taken.

Order affirmed.

1. § 72, Ch. 110 Ill.R.S. 1963.