Carole Render **SIDWELL**, Plaintiff,

v.

**BENEFICIAL FINANCE COMPANY OF OKLAHOMA, Inc., a corporation,** Defendant.

Civ. No. 66–55.

United States District Court
W. D. Oklahoma.

Aug. 18, 1966.

Milton R. Elliott, Oklahoma City, Okl., for plaintiff.

Paul L. Washington, Oklahoma City, Okl., for defendant.

### MEMORANDUM OPINION

DAUGHERTY, District Judge.

This case has been submitted to the Court upon a stipulation of facts and briefs.

Plaintiff seeks injunctive relief from this Court based on a discharge in bankruptcy heretofore granted her, such injunctive relief being to prevent the defendant herein from proceeding in a State Court on a judgment obtained therein against the plaintiff to obtain collection of the judgment.

The admitted facts are: Plaintiff and her husband signed a note to defendant. A divorce followed. Thereafter, plaintiff filed a voluntary petition in bankruptcy in this Court. The note which was not fully paid was scheduled, notice was given to the defendant, no claim was filed by the defendant, and on May 5, 1965, the plaintiff was discharged in bankruptcy. On December 15, 1965, de-

fendant sued plaintiff on the note in Special Sessions Court of Oklahoma County, Oklahoma. In this action the defendant therein (plaintiff herein) was served and was required to answer on or before December 27, 1965. On December 21, 1965, the defendant therein, (plaintiff herein), wrote the following letter to the attorney of record for the plaintiff in the Special Sessions Court proceeding:

"Law Offices of
GEORGE F. SAUNDERS
Attorney at Law
Liberty Bank Building
Oklahoma City 2, Oklahoma
December 21, 1965

Mr. Paul Washington
Attorney at Law
719 Leonhardt Building
Oklahoma City, Oklahoma

Re: Beneficial Finance Company of Oklahoma, Inc. vs. John Sidwell et al. No. 00984

Dear Mr. Washington:

I was served with a summons in the above case yesterday. I filed bankruptcy last March (1965) and included Beneficial in the petition. They picked up some of the mortgaged items in my possession last September. Therefore I am no longer obligated to this company. Please withdraw my name from this lawsuit and send me a release.

Yours truly,
CAROLE SIDWELL (Sig.)
Carole Sidwell
c/o George F. Saunders
2009 Liberty Bank Bldg.
Encl. Oklahoma City, Oklahoma
cc: Honorable John H. Porter
Court of Special Sessions."

The Judge of the Special Sessions Court received a copy of this letter, and on December 23, 1965, filed the same in the case in his Court. On December 27, 1965, a default judgment was entered against the defendant therein (plaintiff herein). On February 2, 1966, garnishment proceedings were begun against the defendant therein (plaintiff herein). Suit was filed herein on February 10, 1966.

The Special Sessions Court of Oklahoma County, Oklahoma, is not a court of record. Its procedures are those prescribed for Justices of the Peace. 11 Oklahoma Statutes, 831, 833.

■ This Court has jurisdiction in a matter ancillary to bankruptcy proceedings in this Court in aid and protection of orders made in such bankruptcy proceedings. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; State Finance Company v. Morrow (Tenth Cir. 1954) 216 F.2d 676.

In Personal Industrial Loan Corporation v. Forgay (Tenth Cir. 1956) 240 F.2d 18, the court held:

"The power to enjoin proceedings in a state court involving a debt listed in the bankruptcy proceedings or a judgment obtained on such a debt in a state court, either during the bankruptcy proceedings or thereafter, is not an absolute power and may be exercised only under such conditions as appeal to the equitable conscience of the court. This is so because a general discharge in bankruptcy does not wipe out the debt, it only raises a bar to actions thereon in state courts and must be pleaded and, if not pleaded, is waived and in such a case a judgment in the state court is res judicata and is binding on the federal court."

The court also said:

"The court has a continuing duty and solicitude to see that a discharged bankrupt is not unduly denied the benefits of his adjudication and discharge."

■ In the case at hand, we are dealing with a proceeding in a state court, one not of record, which has gone to judgment. Federal courts are reluctant to stay a proceeding in state courts, and particularly are reluctant to take any action which would amount to vacating or preventing the enforcement of a state court judgment.

However, though not artfully drawn, the above letter of the plaintiff herein filed in the state court proceeding must be and is considered as having raised in the state court the defense that the debt sued on therein had been discharged in bankruptcy. The Finance Company knew this or its attorneys who received the letter, with but slight effort, could have ascertained this fact from the records of the bankruptcy proceeding. Notwithstanding this situation, on the date when the answer was due and with the above quoted letter at hand and on file in the case the Finance Company proceeded to ask for and obtain a default judgment against the defendant therein (plaintiff herein).

The essential question before this Court is whether the plaintiff herein (defendant in the state court proceeding) waived her defense in the state court proceeding that the debt sued on therein had been discharged in bankruptcy, or if under the circumstances she took reasonable action to raise this defense. On equitable principles this issue is decided in favor of the plaintiff herein. The plaintiff did not waive this defense but fairly and timely asserted it in her letter which was filed in the case.

These circumstances appeal to the equitable conscience of this Court and require this Court in aid of and to effectuate the discharge order made in the bankruptcy proceedings to permanently enjoin the defendant herein from enforcing the state court judgment and proceeding further in the pending garnishment proceeding therein to enforce collection of the state court judgment. Under the facts of this case the plaintiff herein has been unduly denied the benefits of her adjudication and discharge in bankruptcy. Personal Industrial Loan Corporation v. Forgay, supra.

Counsel for plaintiff will prepare an appropriate judgment based on the foregoing and present the same for entry herein. Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A.