**BENEFICIAL FINANCE COMPANY OF OKLAHOMA, Inc., a corporation, Appellant,**

v.

**Carole Render SIDWELL, Appellee.**

**No. 9202.**

United States Court of Appeals
Tenth Circuit.

Aug. 23, 1967.

Paul L. Washington, Oklahoma City, Okl., for appellant.

Milton R. Elliott, Oklahoma City, Okl., for appellee.

Before JONES*, SETH and HICKEY, Circuit Judges.

JONES, Circuit Judge:

On November 11, 1963, the appellee, Carole Render Sidwell, and her then husband gave a promissory note to the appellant, Beneficial Finance Company of Oklahoma. A short time later she and her husband were divorced. On March 17, 1965, Mrs. Sidwell filed a voluntary petition in bankruptcy. She listed the appellant as a creditor, and it had notice' of the bankruptcy proceedings. It filed no claim. On May 5, 1965, a discharge in bankruptcy was entered. The appellant brought suit against Mrs. Sidwell and her former husband for the unpaid

* Of the Fifth Circuit, sitting by designation.

balance on the note and attorneys' fees in the Special Sessions Court of Oklahoma County, which is not a court of record. Summons was issued and served on Mrs. Sidwell. Before the return day, she wrote to the attorney for the appellant a letter in these terms:

"I was served with a summons in the above case yesterday. I filed bankruptcy last March (1965) and included Beneficial in the petition. They picked up some of the mortgaged items in my possession last September. Therefore I am no longer obligated to this company. Please withdraw my name from this lawsuit and send me a release."

A copy of the letter was sent to the judge of the Court of Special Sessions who placed it in the file of the pending case. Mrs. Sidwell did nothing more. A default judgment was entered against her. Thereafter a garnishment proceeding was instituted and her employer was ordered to make payment from her wages. Mrs. Sidwell brought suit in the Federal District Court to enjoin further attempts to collect the judgment. The facts were stipulated. The district court held that the bar of the discharge in bankruptcy was effectual and enjoined further proceedings to enforce collection of the judgment. We affirm.

■ The purpose of the Bankruptcy Act is to convert the assets of the bankrupt into cash for distribution among creditors and relieve the honest debtor from the weight of oppressive indebtedness. Williams v. United States Fidelity and Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713; Harris v. Zion's Savings Bank & Trust Co., 10th Cir. 1942, 127 F.2d 1012, affirmed 317 U.S. 447, 63 S.Ct. 354, 87 L.Ed. 390, reh. den. 318 U.S. 799, 63 S.Ct. 659, 87 L.Ed. 1163.

■■ The initial question is whether the state court properly entered a default against Mrs. Sidwell. A discharge in bankruptcy does not extinguish a debt but only raises a bar, and the discharge must be pleaded. Personal Industrial Loan Corporation v. Forgay, 10th Cir. 1956, 240 F.2d 18, cert. den. 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436. The Special Sessions Court, the court which rendered judgment against Mrs. Sidwell, is not a court of record.[1] Its procedures are those prescribed for Justices of the Peace. 11 Oklahoma Statutes, §§ 831, 833. There is no requirement that the pleadings be cast in such form or drawn with the niceties as would excite the admiration or win the approval of Chitty or Stephen. Technicalities need not be observed. If a defendant asserts a defense in such form as to apprise the court and the plaintiff of the nature and character of the defense, the plaintiff's demand has been met and the entry of a default is unavailing. See Holden v. Lynn, 30 Okl. 663, 120 P. 246.

■ By her letter to the attorney for Beneficial Finance, Mrs. Sidwell said she had "filed bankruptcy" and was "no longer obligated to this company." To be sure, she did not say she had been discharged from the claim of Beneficial Finance. We do not have and we do not see how the judge of the Oklahoma court, the appellant, or its counsel to whom the letter was addressed could have had any doubt that such was the intent and purpose of the letter. The judge received and filed a copy of the letter. The defense of the discharge in bankruptcy was as apparent as though it had been set forth in a series of protestandos with each interlarded by a series of videlicets. Any requirement that a bankruptcy discharge must be pleaded in order to be available as a defense has been met in this case.

■ A bankruptcy court has a continuing power to protect a discharged bankrupt against efforts to circumvent the effect of its orders, and is under a duty to see that there is no denial of the benefits resulting from the court's order of discharge. Local Loan Co. v. Hunt,

---

1. It has been suggested that the Special Sessions Court of Oklahoma County was without judicial power to enter a valid judgment. It is unnecessary to decide this question.

292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; Personal Industrial Loan Corporation v. Forgay, 10th Cir. 1956, 240 F.2d 18, cert. den. 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed. 2d 1436; State Finance Co. v. Morrow, 10th Cir. 1954, 216 F.2d 676. The power and duty of the court were properly exercised by the district court. Its order and judgment is

Affirmed.