In re Frances R. CARWELL, Bankrupt.
No. 70–16.

United States District Court,
E. D. Louisiana,
New Orleans Division.
Feb. 9, 1971.

Alcide J. Weysham, New Orleans, La., for petitioner.

Sidney Goldman, New Orleans, La., for respondent.

RUBIN, District Judge.

A bankrupt seeks to reopen her bankruptcy proceedings. Her petition alleges the following pertinent facts:

On December 23, 1969, Consumers Credit Corporation sued Mrs. Frances R. Carwell in First City Court of New Orleans on a promissory note she had signed as an accommodation endorser for her husband. His whereabouts and the location of the automobile securing the debt are unknown.

Mrs. Carwell filed a bankrupcty petition in January, 1970, listing Consumers Credit as one of her creditors and also listing the city court suit on that debt. She was granted a bankruptcy discharge in February, but she did not plead her bankruptcy in the pending suit.

In May, Consumers Credit took a default judgment in the city court suit; Mrs. Carwell's wages are being garnished

to enforce this judgment. She asks this court to reopen her bankruptcy proceedings to allow a full hearing, asserting the following grounds:

1) The nullity of the city court default judgment because of improper service;

2) The unconstitutionality of the statute establishing the procedure of service used;

3) The failure of the bankruptcy court to file a stay order in the city court suit; and

4) The nullity of the default judgment entered subsequent to the discharge in bankruptcy.

## I.

■ This court, as a court of bankrutcy, is empowered to reopen closed bankrupt estates "for cause shown." 11 U.S.C. Sec. 11(a) (8). What constitutes sufficient cause shown is "a matter addressed to the sound discretion of the Court." In re Haker, CA 5 1969, 411 F.2d 568, 569.

## II.

Citation in the city court suit was effected by serving a copy of the petition on Mrs. Carwell's brother, then fifteen years old, at her domicile. Mrs. Carwell contends that her young brother was not then "a person of suitable age and discretion," as required by the Louisiana Code of Civil Procedure Article 1234, and that the default judgment is a nullity because of improper citation.

■■ But insufficiency of citation is not so fundamental a defect in a suit that it can be raised at any time. Generally speaking, the defense must be raised as provided in procedural rules or the improper citation is waived. Vestal, Res Judicata/Preclusion (1969) V–258. See also La.C.C.P. Art. 925. Mrs. Carwell's attack on the service could have been made through the procedures provided by Louisiana law, including application for a new trial, La.C.C.P. Arts. 1972 & 1973, appeal, La.C.C.P. Art. 2083, or action for nullity, La.C.C.P. Art. 2002

(2). She has done none of these. The city court judgment is therefore res judicata. This attempt to attack it collaterally rather than to pursue presumably adequate state remedies cannot prevail. McGee v. Budget Premium Finance Co., CA 7 1965, 340 F.2d 315.

## III.

■ Mrs. Carwell's attack on the constitutionality of Article 1234 of the Louisiana Code of Civil Procedure, is based on the contention that it deprives a person of property without due process of law by permitting the serving officer to determine who is "a person of suitable age and discretion." His determination, she contends, is made without an established norm or standard because of the vagueness and indefiniteness of the article.

Article 1234 provides: "Domiciliary service is made when a proper officer leaves the citation * * * with a person of suitable age and discretion. * * *" The language is taken almost verbatim from Rule 4(d) (1) of the Federal Rules of Civil Procedure.

The ultimate determination whether the person taking citation at a defendant's domicile is of "suitable age and discretion" so as to constitute effective service is not made by the serving officer. It is made by the court, when the party against whom service is sought presents the issue by appropriate exception or petition for post-judgment remedy. De George v. Mandata Poultry Co., E.D.Pa.1961, 196 F.Supp. 192; Nationwide Acceptance Co. v. Alexis, La.App. 4 Cir. 1967, 201 So.2d 21. The constitutionality of this method of effecting service was upheld in Hanna v. Plumer, 1965, 380 U.S. 460, 463–464, 85 S.Ct. 1136, 14 L.Ed.2d 8.

## IV.

■ That the bankruptcy court failed to file a stay order in the city court suit does not lend merit to Mrs. Carwell's petition. Though she does not appear to

have requested a stay order, there seem to have been no proceedings in the city court suit during the bankruptcy proceedings. The default was not taken until three months after her discharge.

## V.

 Although the debt to Consumers Credit and the city court suit were both listed on the schedule filed in the bankruptcy proceedings, that alone does not nullify the subsequent default judgment. A discharge in bankrupcty is neither payment nor extinguishment of a debt; it constitutes merely a personal defense, a bar to enforcement, In re Innis, CA 7 1944, 140 F.2d 479. Both in Louisiana and under Federal law, that bar must be specially set forth as an affirmative defense. La.C.C.P. Art. 1005; F.R.Civ.P. Rule 8(c). Failure to do so before a default judgment is entered constitutes waiver of the defense. X–L Finance Co. v. LeDoux, La.App. 3d Cir. 1968, 215 So.2d 164; Household Finance Corp. v. Lejeune, La.App. 1st Cir. 1968, 205 So.2d 771; X–L Finance Co. v. Fenske, La.App. 1st Cir. 1967, 197 So.2d 182.

Except in unusual circumstances, In re Urquhart, CA8 1970, 427 F.2d 492; Personal Industrial Loan Corp. v. Forgay, CA 10 1956, 240 F.2d 18, federal courts have refused to enjoin execution of state court judgments on the ground of the bankrupt's failure to set up the affirmative defense of discharge in bankruptcy. Rouhib v. Michigan Bank, CA6 1965, 345 F.2d 782; McGee v. Budget Premium Finance Co., CA 7 1965, 340 F.2d 315; Welborn v. General Finance Corp., CA 5 1964, 330 F.2d 602. This case is one of those characterized by the Fifth Circuit's per curiam in *Welborn* as "the ordinary case in which a party permits a case to go to default judgment against him, whether through ignorance or inattention, or failure of counsel." 330 F.2d at 603. That judgment cannot now be reopened. Therefore, for the above reasons, the petition to reopen the bankrupt estate of Mrs. Frances R. Carwell is denied.