475 F.Supp. 1089 (1979)
In re Thomas Henry INGRAM, Bankrupt.
Thomas Henry INGRAM, Appellant,
v.
ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC., Appellee.
No. 21773.
United States District Court, E. D. Virginia, Norfolk Division.
September 5, 1979.
*1090 Tom C. Smith, Virginia Beach, Va., for appellant.
Michael A. Glasser, Glasser & Glasser, Norfolk, Va., for appellee.

OPINION AND ORDER
CLARKE, District Judge.
This is an ancillary proceeding to enjoin a judgment creditor from attempting to collect a judgment obtained in a State court and thereby to protect and effectuate the Bankruptcy Court's orders of adjudication and discharge in the voluntary bankruptcy of Thomas Henry Ingram.
On November 18, 1963, Mr. Ingram filed a Petition in Bankruptcy in the United States District Court for the Eastern District of Virginia. One day later, on November 19, 1963, Associates Financial Services of America, Inc., obtained a default judgment against Mr. Ingram in what is now known as the General District Court of the City of Norfolk, a State Court not of record, for a pre-existing debt of $557.04. Associates Financial did not docket this judgment in a court of record until November 12, 1971. The docketing of a judgment in a court of record in Virginia creates a lien on all real estate owned at the time of the docketing or thereafter acquired by the judgment debtor. Mr. Ingram had properly listed Associates on his bankruptcy petition and Associates received proper notice. A final discharge in bankruptcy was granted on January 31, 1964, two and one-half months after Associates obtained its judgment against Mr. Ingram.
In April 1979, Mr. Ingram sold a house and lot in Norfolk, Virginia. Associates has made a claim to $1368.39 of the proceeds of this sale, which represents the amount of its judgment, plus interest. Thereafter, Mr. Ingram filed this motion to reopen his bankruptcy proceedings and to enjoin Associates from attempting to collect their 1963 judgment, contending that the debt evidenced by this judgment was discharged by his bankruptcy. Associates takes the position that enforcement of the 1963 judgment *1091 is not barred by Mr. Ingram's bankruptcy. Mr. Ingram's failure to appear before the State court and raise the pending bankruptcy proceedings as a defense, Associates contends, operated as a waiver of the defense of discharge, which cannot now be raised to attack the State court's valid judgment. The Bankruptcy Judge denied Mr. Ingram's motion to reopen, and the case is now before this Court on his appeal of that denial.
This Court indisputably has jurisdiction to entertain this suit to enjoin the attempted collection of a pre-existing debt under its continuing power to secure or preserve the fruits and advantage of its judgments or decrees. Local Loan v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); Helms v. Holmes, 129 F.2d 263 (4th Cir. 1942); see also Browne v. San Luis Obispo Nat. Bank, 462 F.2d 129, 132 (9th Cir. 1972); In re Cox, 33 F.Supp. 796, 797 (W.D.Ky.1940); Fed.R.Bank.P. 765. Moreover, Mr. Ingram need not exhaust whatever state remedies may be available to him before seeking relief from Associates' attempted enforcement in this Court. California State Bd. of Equal. v. Coast Radio Prod., 228 F.2d 520 (9th Cir. 1955); Holmes v. Rowe, 97 F.2d 537 (9th Cir. 1938); cf. Browne v. San Luis Obispo Nat. Bank, 262 F.2d 129, 133 (9th Cir. 1972); Personal Indus. Loan Corp. v. Forgay, 240 F.2d 18 (10th Cir. 1956), cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957).
There is no question that the debt owed by Mr. Ingram to Associates was dischargeable, or that it was discharged by the Bankruptcy Court's Final Order of January 31, 1964. Rather, Associates argue that Mr. Ingram was obliged to appear in the State court action and plead the defense of discharge or to call the State court's attention to the bankruptcy proceedings, and that by failing to do so, he forfeited the right to set up his bankruptcy discharge as a bar to the collection of Associates' judgment against him.
To establish its position, Associates relies upon a long line of cases which hold that a discharge in bankruptcy does not automatically absolve the debtor from all future liability for his debts, but rather provides him with a complete personal defense to any action on those debts, which he waives unless he appears, pleads, and proves his discharge. Helms v. Holmes, 129 F.2d 263 (4th Cir. 1942). See, e. g., Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962); Dimock v. Revere Copper Co., 117 U.S. 559, 6 S.Ct. 855, 29 L.Ed. 994 (1886); Wagner v. United States, 573 F.2d 447 (7th Cir. 1978); Beneficial Finance Co. v. Sidwell, 382 F.2d 275 (10th Cir. 1967); In re Carwell, 323 F.Supp. 590 (E.D.La.1971). These cases, however, are inapplicable. At the time Associates obtained its judgment against Mr. Ingram no final discharge of his debts had been rendered. Thus, this defense was not available and could not have been raised by him. His failure to plead discharge in the State action, therefore, could not operate as a waiver of this defense. See Boynton v. Ball, 121 U.S. 457, 465, 7 S.Ct. 981, 30 L.Ed. 985 (1887).
Mr. Ingram's failure to appear before the State court to seek a stay of that action also is immaterial. Rule 401(a) of the Federal Rules of Bankruptcy Procedure, which provides that the filing of a voluntary petition in bankruptcy shall automatically stay any action against the bankrupt, did not take effect until 1973. Prior to that date, the obligation to seek such relief rested with the bankrupt. 11 U.S.C. § 29; see In re Innis, 140 F.2d 479 (7th Cir. 1944), cert. denied, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944). As a result, the bankrupt could, voluntarily or otherwise, waive this right and allow any action against him to continue. As the United States Supreme Court noted in Boynton v. Ball, supra, the bankrupt
may be willing that the suit shall proceed in the state court for many reasons, first, because he is not sure that he will ever obtain his discharge from the court in bankruptcy, in which case it would do him no good to delay the proceedings at his expense in the state court; in the second place, he may have a defense in the state court which he is quite willing *1092 to rely upon there, and to have the issue tried; in the third place, he may be very willing to have the amount in dispute liquidated in that proceeding, in which case it becomes a debt to be paid pro rata with his other debts by the assignee in bankruptcy. 121 U.S. at 467, 7 S.Ct. at 984.
The consequence of this waiver of the right to stay such actions also was made clear by the Court:
If for any of these reasons, or for others, he permits the case to proceed to judgment in the state court, by failing to procure a stay of proceedings . . . he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it at any appropriate stage of the proceedings against him in the state court. And if, as in the present case, his final discharge is not obtained until after judgment has been rendered against him in the state court, he may produce that discharge to the state court, and obtain the stay of execution which he asks for now. See McDougald v. Reid, 5 Ala. 810.
121 U.S. at 467-68, 7 S.Ct. at 984. Thus, a discharge in bankruptcy may be set up to restrain the execution of a judgment recovered against a bankrupt after the commencement of proceedings in bankruptcy and before the discharge. See also Davis v. Wakelle, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895); Davison-Paxon Co. v. Caldwell, 115 F.2d 189 (5th Cir. 1941), cert. denied, 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941); In re Forgay, 140 F.Supp. 473 (D.Utah 1956), aff'd sub nom. Personal Indus. Loan Corp. v. Forgay, 240 F.2d 18 (10th Cir. 1956), cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957); In re Patt, 43 F.Supp. 754 (E.D.Tenn.1941); In re Cox, 33 F.Supp. 796 (W.D.Ky.1940).
Associates also argues that Mr. Ingram's attempt to reopen his bankruptcy proceedings to enjoin the collection of Associates' judgment is inequitable, and that his conduct in delaying nearly sixteen years in seeking this relief is "grossly negligent" and is precluded by the equitable doctrine of laches. Clearly, Associates' allocation of the equities in this case is misguided. Its claim against Mr. Ingram was listed properly in the bankruptcy proceeding. Associates received adequate notice of these proceedings and had abundant opportunity to contest the discharge in those proceedings. It chose, however, completely to ignore the Bankruptcy Court and made no objection to the discharge. Instead, it proceeded with its action in the State court, possibly relying upon the average bankrupt's belief that the proceedings in the Bankruptcy Court absolve him of any duty to respond to State court actions against him. See Helms v. Holmes, 129 F.2d at 469 (Paul, J., dissenting); In re Forgay, 140 F.Supp. at 476-77. Nor is there any genuine dispute that the debt owed by Mr. Ingram was discharged in those proceedings. Believing in the dignity and force of that discharge, Mr. Ingram would have no reason to suspect that his debt to Associates was viable, as indeed it was not. Thus, there was no reasonable cause for Mr. Ingram to seek relief from this or any other Court prior to Associates' attempt to collect the judgment sixteen years later. Moreover, Associates itself was little concerned with collecting this debt. Seven years passed before it was docketed with the Circuit Court and no efforts appear to have been made to execute this judgment before now. Thus, if there has been "gross negligence" or laches, it has been on the part of Associates, not Mr. Ingram.
For the foregoing reasons, the Court finds that Associates' judgment against Mr. Ingram was discharged and that it should be enjoined from taking further efforts to collect this debt from him. The Bankruptcy Court's Order denying the bankrupt's Application to Reopen therefore is REVERSED and this suit is REMANDED to that Court for further action consistent with this Opinion.